Scott, et al. v. Shy, et al.

———o———

JOHN G. SCOTT *et al.*, Plaintiffs in Error, *vs.* ALFRED H. SHY, *et al.*, Defendants in Error.

1. *Trustees' sales—Proceeds—Taxes—Prior incumbrances.*—Taxes due are a legal charge on lands, and ought to be paid before a sale under a deed of trust; but if this is not done, the trustee cannot apply the proceeds of the sale to the payment of the taxes, nor can he to the payment of a prior incumbrance, unless there was a special understanding or agreement, that, in order to make a clear title to the purchaser, the trustee should pay off the prior incumbrance.

*Error to Iron Circuit Court.*

*Reynolds & Relfe*, for Defendants in Error.

I. The rights and duties of the trustee depend upon the instrument creating the trust. (2 Wash. Real Prop., (3rd Ed.,) 482.) These powers are special and must be strictly pursued. (Balis vs. Perry, 51 Mo., 449; Wallis vs. Thornton, 2 Brockenb., 422.)

II. The trustee must first apply the proceeds, as far as they will go, to the costs and expenses of the trust, and to the extinguishment of the debt secured, for the payment of which he was appointed, before he can undertake settlement of other claims. This is the extent to which the authorities cited by plaintiffs go. (Doolittle vs. Lewis, 7 Johns. Ch., 45; Turner vs. Johnson, 7 Ohio, (2nd pt.) 216.)

III. In no case can the trustee apply the proceeds to pay off

prior incumbrances, (Helwig vs. Heitcamp, 20 Mo., 569;) though he may pay subsequent ones. (Mead vs. McLaughlin, 42 Mo., 198.)

IV. Plaintiffs, as subsequent incumbrancers, had a right to redeem from prior incumbrances by paying the money themselves. (Mullanphy vs. Simpson, 4 Mo., 319; *Idem*, 3 Mo., 492.)

*J. P. Dillingham*, for Plaintiffs in Error.

I. Taxes are a legal charge upon the estate. They may be paid off by the mortgagee or trustee, and added to the mortgage debt. (Willard's Equity, 448.) On the sale of the premises under a mortgage, it was represented, that the property was free from all incumbrances; but after the sale it was discovered that the property was subject to a city assessment and taxes. The court directed the master to discharge the incumbrance out of the proceeds of the sale. (4 John. Ch., 542,)

II. A junior mortgagee will be permitted to redeem a prior mortgage, and to sell the whole premises to refund to himself the redemption money, and to satisfy his own mortgage. (Willard's Eq., 445, 447; Western Ins. Co. vs. Eagle Fire Ins. Co., 1 Paige, 284; 4 John. Ch., 371; Bell vs. The Mayor, 10 Paige, 49; 11 Paige, 39; Moore vs. Beasom, 44 N. H., 215; Norton vs. Warner, 3 Edw. Ch., 106; 34 N. H., 92; 11 Gray, 276; 20 Iowa, 101; 1 Green Ch., 151; Penn vs. The Railway Co., Am. Law Reg., (Sept. 1872,) 582, 583; Dix on Subrog., 122, 116; 15 Cow., 137.)

III. If this is not the law, the plaintiffs have no means to recover back this money. (Lawless vs. Collier, 19 Mo., 480.)

NAPTON, Judge, delivered the opinion of the court.

This suit was brought in 1870 against defendants to recover balance due plaintiffs on a certain promissory note executed by defendants in October, 1868, due in twelve months, with interest at the rate of 10 per cent. per annum. This note was secured by deed of trust on certain lands described in said deed. These lands were sold on the 30th of November, 1869,

for the sum of $7,650, and this amount was applied, to expenses of trust and costs, $64.50, for taxes assessed against the Shy property, $59.70, for prior mortgage due school fund of Iron county, $338.95. The balance of $7,186.85 was paid by the trustee on the note.

And the plaintiffs brought their action, claiming that they were entitled to judgment for the note and interest, less $7,186, the credit placed on it by the trustee. The defendants in their answer admitted the costs and expenses of the trust, an item of $64.50, but they claimed that the items, of $59.70 for taxes, and $338.95 for paying off the mortgage to Iron county on account of school fund, were improperly paid out by the trustee, and should not be allowed. They also claim, that the note only bore 8 per cent. interest.

An agreed statement of facts was filed, which conceded the facts to be as stated in the answer; that the sums above stated were allowed by the trustee, and that the note only bore 8 per cent., but admit that the sum of $444.43, with interest from November 20th, 1869, at the rate of 8 per cent., was due. The court rendered a judgment for $810.50 for plaintiffs.

A motion for a new trial was filed, and the court took the case under advisement. At the next term this motion was overruled, and the defendants filed a motion in arrest of judgment, and this motion was sustained, and the court gave judgment for the defendants as follows:

"Wherefore it is ordered, adjudged and decreed, by the court, that the judgment heretofore rendered in this cause be, and the same is hereby, arrested, and held as null and void, and of no effect, as fully as if the same had never been rendered. It is further ordered and adjudged by the court, that the plaintiffs take nothing by their said suit, and that the defendants go hence without day, and recover of and from said plaintiffs the proper costs herein expended, and have execution therefor."

The bill of exceptions offered by plaintiffs was not signed, but the one offered by defendants was signed by the judge;

the former having been signed by the bystanders; but there is no point made on this here, as the facts agreed on are conceded by both sides.

The only point in this case is, whether the trustee had power, out of the proceeds of his sale, to pay off the taxes that had accrued on the lands embraced in the deed of trust before the sale, and further to apply the proceeds to paying off a senior incumbrance.

It is conceded that the final judgment for defendants was wrong, since the pleadings and agreed facts admitted an indebtedness of $446.44. But whether the original judgment for $810.50 was right, depends on whether the trustee had a right to charge for taxes, and to redeem a prior incumbrance.

Taxes are a legal charge upon the estate, and must necessarily be paid, and might have, and ought to have, been paid before the sale, but as this was not done, the purchaser at the trustee's sale takes the land subject to this incumbrance. (Willard's Eq., 446; Moore vs. Cable, 1 Johns. Ch., 385; Bell vs. Mayor of N. Y., 10 Paige, 49.)

And so in general under the English authorities, and the practice in many other States, prior incumbrances are required to be paid by a party asking to redeem.

In the case of Lawrence vs. Cornell, 4 Johns. Ch., 542, the court ordered the payment of the taxes, and directed the master to discharge the incumbrances, and the chancellor referred to Stretton's case, 1 Ves. Jr., 266, as an authority for this order to the master to redeem. So in the case of the Silverlake Bank vs. North, 4 John Ch., 370, the chancellor allowed the plaintiffs to retain, out of the surplus money arising from the sales, the amount with interest *advanced* by them to discharge a prior judgment, which was a lien on the land, and observed: "The payment of the money was an act which they were compelled to do for their own safety. The equitable doctrine of substitution applies to this case, and the plaintiffs must for the sake of justice be deemed to stand in the place, and partake of the rights, of the judgment creditor.

They have in view of equity, and under the circumstances of the case, a lien on the fund."

And in 1 Paige, 286, the chancellor says again: "If the prior mortgagees will not consent to a sale, or the amount of their incumbrances is not yet due, I·do not perceive any valid objection to a decree for the sale of the equity of redemption subject to these mortgages, leaving the purchaser to pay the same as they become due, or whenever the prior mortgagees think proper to enforce their lien on the premises."

But while it is clear that a mortgagee may pay off a senior incumbrance, and reimburse himself out of the proceeds of a sale, and that Courts of Equity in decreeing foreclosures may direct the master to satisfy a prior incumbrance before sale, this case presents the fact of a payment of a prior incumbrance by a trustee, on a deed of trust out of the proceeds of a sale under a junior mortgage. No such power was given to him in the deed of trust under which he acted, and as he sold under the deed he sold only the equity of redemption, which was all the interest the defendants had in the premises.

The purchaser bought subject to the mortgage to Iron county, so far as the case shows. Undoubtedly, if there had been any special understanding or agreement, that, in order to make a clear title to the purchaser, the trustee would out of the proceeds pay off the prior incumbrance, such agreement would have been valid and authorized the trustee to act as he did in this case. But there appears nothing of the kind, and his payment of the mortgage to Iron county was therefore unauthorized, and the purchaser only acquired the title subject to the senior mortgage.

The judgment of the Circuit Court is therefore reversed, and the cause remanded, in order that a judgment may be. there entered for the sum confessedly due, $446.44, exclusive of the taxes paid by the trustee, and mortgage to Iron county. The other Judges concur.