Schmidt v. Smith.   .

FRANK SCHMIDT, Plaintiff in Error, *vs.* J. L. SMITH, Defendant in Error.   .

57  135
58a 665

1. *Deed of trust—Sale under—Proceeds—Payment of taxes.*—A trustee holding the naked legal title to land, cannot, on a sale of the property, use part of the purchase money to satisfy taxes, or prior incumbrances, unless he is empowered thereto in the instrument creating the trust. In all such cases the purchaser takes the land subject to the incumbrances. *A fortiori* taxes cannot be so satisfied where they constitute a simple debt against the owner, and not a lien on the property.

### *Error to Cole Circuit Court.*

*E. L. Edwards & Son*, for Plaintiff in Error.

I. The deed of trust expressly states, that out of proceeds of sale the trustee should pay debts and costs, and the remainder, if any, should be paid to the plaintiff, "after paying all amounts expended as aforesaid, for taxes and assessments and other purposes." Now there is no evidence, nor is it contended by the defendant, that they ever paid any taxes or assessments, and we claim that unless the taxes were paid by the beneficiaries in said deed of trust, before the sale by the trustee under the deed of trust, then said taxes were no lien under the deed, and the trustee acted without authority when he paid them. (Scott vs. Shy, 53 Mo., 478.)

*Ewing & Smith*, for Defendant in Error.

I. The trustee, as the legal owner of the trust estate, was bound to pay the taxes assessed upon the premises, and in the condition of the trust property previous to and at the time of the sale there were no means in the possession or under the control of the trustee, subject to the payment of the taxes due and claimed for him by the collector of the city of Jefferson, other than those derived from the sale of the trust property, out of which said taxes were paid by the trustee. (Hepburne vs. Hepburne, 2 Bradf., 74; Bull vs. McEwen, 1 Baldw. Ct. Ct., 154; 1 Ves. Jr., 337; Hill Tr., 608, 673.)

II. The case of Scott vs. Shy, (53 Mo., 478) is not in point here, for the reason that the deed of trust in this case specially provides for payment of taxes.

WAGNER, Judge, delivered the opinion of the court.

The facts in this case are briefly these: The plaintiff was indebted on two several promissory notes in the amount of six thousand dollars, and to secure their payment he executed a deed of trust to defendant on certain real estate in Jefferson City. Default having been made in the payment of the notes, defendant sold the property for seven thousand dollars, and after satisfying the debt and the expenses of the sale, six hundred dollars remained in the hands of the defendant. This amount he paid to the collector of Jefferson City in satisfaction of taxes assessed against the property.

The plaintiff made a demand for the money, claiming it as his, and upon defendant's refusal to pay he brought this action.

On the trial, it was agreed between the parties that the plaintiff was solvent and amply able to pay his debts, and that there was no law making the taxes a lien upon the property.

The court found for the defendant.

It is insisted that the defendant was fully warranted in using the money to pay the taxes after the sale was made, by virtue of a stipulation contained in the deed. The deed of trust contains this provision: "And whereas said Schmidt has agreed with the said party of the third part to cause all taxes and assessments, general and special, and also all United States taxes to be paid whenever imposed upon said property and within the time required by law, and in case there should be any taxes and assessments and United States taxes, or either of them, now in arrears, or in case there should be any default in the punctual payment of the same at any time thereafter, said party of the third part or their assigns, at their option may pay the same or redeem said property, and all amounts so expended shall become a debt due additional to the indebtedness aforesaid, and secured in like manner by this deed of trust."

The meaning of this clause in the deed is in no wise ambiguous or equivocal. It is an agreement on the part of the

grantor, that he will pay up the taxes and assessments legally chargeable against the property, and in the event that he fails to do so, then the beneficiaries in the deed may pay the same for their own protection, and the property shall stand as a security for this additional sum. But this is an agreement with the beneficiaries or *cestui que trust* exclusively, and if they did not avail themselves of its privileges, by acting under it, neither the trustee nor any one else could do it in their stead.

A trustee holding the naked legal title, cannot, on a sale of the property, use part of the purchase money to satisfy taxes or prior incumbrances, unless he is empowered thereto in the instrument creating the trust. In all such cases the purchaser takes the land subject to the incumbrances. (Scott vs. Shy, 53 Mo., 478.)

Had the property sold for only three thousand dollars—half the amount the trust deed was given to secure—it is obvious that it would have been the duty of the trustee to have paid this full sum over to the beneficiaries, and that he could not have applied any of it to the payment of taxes. That the sale realized more than enough to discharge the whole debt, cannot alter the case or affect the principle. When the amount secured was paid off, the residue belonged to the grantor in the deed.

And more especially would this be the case here—where the taxes constituted a simple debt against the owner, and there was no lien against the property. No man can pay another person's debt without a request to do so, and then charge him therefor.

We have examined the authorities referred to by defendant, and they do not in any manner sustain his case. Bull vs. McEwen (1 Baldw. Ct. Ct., 154) was where land was conveyed on an undefined trust. It was unproductive, and the trustees held it for many years, paid the taxes on it, and managed it as they did their own property. The court held, that as under the law, the taxes were a lien upon the property, the trustees were entitled to be paid for the amount so expended, it being evidently for the benefit of the *cestui que trust*.

The case of Hepburn vs. Hepburn, (2 Bradf., 74) was where the whole estate, real and personal, was given for life to S. and G., with remainder in fee to the issue of G., and in case he died without issue, then over; and the executors were authorized to take charge and rent the real estate, invest the personal estate, and pay the whole income to the life tenants. The court held that all ordinary taxes, assessments, interest on incumbrances, and charges for repairs should be kept down and paid out of the income.

This is a well recognized and familiar doctrine, but it has no application to the case now at bar.

I am unable to discover any principle upon which the judgment below can stand, and it must therefore be reversed, and the cause remanded.    The other judges concur.