MARY E. TANNER, Respondent, v. CHARLES TAUSSIG, Appellant.

March 7, 1882.

1. The purchaser at a foreclosure sale under a deed of trust takes subject to encumbrances, and the trustee cannot reimburse him out of the proceeds for money expended by him after the sale in payment of taxes and in discharge of a prior judgment lien, unless empowered to do so by the deed of trust.

2. Where the purchaser, immediately after the sale, and before receiving the trustee's deed, pays the taxes and discharges the judgment, and the trustee, without inquiry, credits him for such payments, the trustee is liable to the party entitled, under the deed of trust, to the balance after payment of the amount secured and expenses.

APPEAL from the St. Louis Circuit Court, THAYER, J.
Affirmed.

GEORGE W. TAUSSIG, for the appellant: The trustor was entitled to redeem. — Rev. Stats., sect. 3298. And at such redemption the account between the purchaser and the trustor would be credited with the taxes and liens discharged. — *Jones* v. *Savings Instn.*, 67 Mo. 109 ; *Bell* v. *Mayor*, 10 Paige, 49–73. The trustee used due diligence and was not guilty of any breach of trust. — *Sherwood* v. *Saxton*, 63 Mo. 78 ; *Taylor* v. *Hite*, 61 Mo. 142 ; 2 Story's Eq. Jur., sect. 1268.

M. HILTON, for the respondent: A trustee in a deed of trust has no powers not specially granted by the instrument, and these powers must be strictly pursued. — 2 Washb. on Real Prop. 482 ; *Balis* v. *Perry*, 51 Mo. 449. A trustee sells subject to existing liens, and cannot afterwards use the proceeds to satisfy the liens. — *Scott* v. *Shy*, 53 Mo. 478 ; *Schmidt* v. *Smith*, 57 Mo. 135.

THOMPSON, J., delivered the opinion of the court.

The defendant was trustee in a deed of trust conveying land to secure a debt. He exposed the property to sale under the terms of the deed, and the *cestui que trust* became the purchaser. After the sale the purchaser paid certain taxes and also a judgment, which were liens upon the land superior to the lien of the deed of trust, and the trustee reimbursed him for the money so expended, out of the proceeds of the sale. To recover of the trustee the money so expended, the plaintiff, who is the owner of the equity of redemption, has brought this action against him.

The deed of trust contains the provisions usual in such deeds. It provides in substance that the grantors in the deed shall keep the taxes paid, the property insured, and clear of the statutory lien claims ; that if they fail to do this, the *cestui que trust* may do it ; and that any money so expended by him shall be an additional charge upon the land secured by the deed of trust. It also contains the following direction as to the manner in which the trustee

shall distribute any money arising from a sale under its terms: "He shall pay, first, the costs and expenses of executing this trust, including compensation to the trustee for his services; and, next, to said third party, or his indorsees, upon the usual vouchers therefor, all moneys paid for insurance and taxes and judgments, upon statutory lien claims as hereinbefore provided for, and interest thereon at the rate of ten per cent per annum from the times of their payment, and said examining fee, if any due and unpaid; and, next, such of said interest-notes as then due and unpaid, and all interest grown thereon; and next, if enough therefor, said principal note, whether due or not, and all interest grown therefor and thereon, and, if not enough therefor, then apply towards their payment what there is, and in case all said demands be fully satisfied from said proceeds, and any of said interest-notes remain, the same shall be cancelled, and the balance of said proceeds, if any, shall be paid to the said parties of the first part, or their legal representatives."

We take it that there are two questions presented by this record: First, whether the defendant had any authority under the deed of trust to reimburse the purchaser for the money so paid by him in the discharge of the taxes and of this judgment lien; and, second, whether, if he had no such authority, he acted with such want of diligence or prudence as makes him personally liable to the plaintiff.

1. The first question seems to be concluded by the decisions of the supreme court in *Scott* v. *Shy* (53 Mo. 478), and *Schmidt* v. *Smith* (57 Mo. 135). These cases rule that a trustee, under a deed of trust like the present, has no power to apply any of the proceeds of a sale made by him under the deed, to the payment of taxes assessed against the property, or in discharge of a senior encumbrance upon the property. The learned judge, in holding that the defendant in this case had no power to appropriate moneys, the proceeds of the sale, in reimbursing the purchaser for moneys which he had expended *after the sale*, in the pay-

ment of taxes, and in the discharge of a prior judgment lien, did no more than follow these decisions. Under the terms of the deed of trust, and under these decisions, the purchaser, who was the *cestui que trust*, might have paid these taxes and discharged this judgment lien, and the payment so made would have constituted an additional charge upon the property. But, not having done so, the property was — presumptively, and as the circuit judge must have found as a fact — sold subject to those liens.

2. But, although the trustee may have made this payment erroneously, yet if, in making it, he acted in good faith, and with reasonable diligence and prudence in determining whether he ought to have paid it, he will not be personally liable to repay it. *Lyman* v. *Bonney*, 118 Mass. 222. He is not responsible at all events for a mistake of fact which he may make; but he is bound to exercise common skill, common care, and common prudence. *Taylor* v. *Hite*, 61 Mo. 142.

Did the defendant exercise such a measure of prudence? The facts were that the sale took place at the court house door, between the hours of twelve and one o'clock of December 11, 1879. Near the hour of three o'clock the purchaser paid the taxes, and took receipts of the collector, dated on the same day. The next morning he paid the fee-bill which had been issued upon the judgment, which, as before stated, was a lien upon the land superior to the deed of trust, and took a receipt of the clerk of the circuit court dated that day, December 12, 1879. Later in the same day he presented these vouchers to the defendant and received a credit for the amount embraced in them on the books of the defendant against the charge which had been made against him as purchaser of the property. Nothing was said as to the time at which the taxes were paid, and so far as the evidence speaks on the subject, it tends to show that the defendant did not know whether they had been paid before or after the sale. The receipt of the money paid on

the fee-bill, however, showed on its face that this money had been paid after the sale. The fact that the tax-receipts were all dated on the day of the sale would seem to have been a circumstance sufficient to put the defendant on inquiry as to the date at which payment of the taxes had been actually made. He seems not to have thought that this was material. He seems to have acted upon the supposition that it was his duty to honor these vouchers without reference to the date at which the payments which they represented were made. His mistake, therefore, seems to have been a mistake of law, which, on well-settled principles, does not excuse him.

The circuit court took substantially this view of the law. We see no error in this, and nothing in the minor points presented which need be further noticed. The judgment is affirmed. Judge Bakewell concurs ; Judge Lewis is absent.