THE STATE OF MISSOURI to the use of EMANUEL HOFF-
MAN, Appellant, v. HENRY STELBRINK *et al.*,
Respondents.

St. Louis Court of Appeals, September 18, 1894.

1. **Mortgages:** NONPAYMENT OF TAXES BY ADMINISTRATOR OF MORT-
GAGOR.   Though the administrator of a mortgagor of land, who has covenanted to pay the taxes on it, refuses and fails to pay accrued taxes on it which were assessed against his intestate, the mortgagee acquires no claim on his bond by subsequently purchasing the land on the foreclosure of the mortgage and thereon paying these taxes.

2. ——: ——.   But *quære,* whether the mortgagee could have acquired a preferred demand against the estate of the mortgagor by paying these taxes during the pendency of the administration and the life of the mortgage.

*Appeal from the Jefferson Circuit Court.*—HON. JAS. F. GREEN, Judge.

AFFIRMED.

*Robert L. McLaran* and *James R. Kinealy* for appellant.

The petition states a good cause of action. R. S. 1889, secs. 183, 209; *Governor v. Chouteau*, 1 Mo. 737; *Miller v. Janney*, 15 Mo. 265; *Merritt v. Merritt*, 62 Mo. 150; *Chandler v. Stevenson*, 68 Mo. 450; *State ex rel. v. James*, 82 Mo. 514; *State ex rel. v. Tittman*, 103 Mo. 553; *Ridgeway v. Kerfoot*, 22 Mo. App. 661. The estate of John H. Morse was clearly liable for the taxes named in the petition. *State ex rel. v. Tittman*, 103 Mo. 553; 2 Woerner's Am. Law of Administration p. 1151, sec. 518. Nor was it necessary for the taxes to be allowed as a claim against the estate. It was the duty of the administrator to pay them without such allowance. R. S. sec. 183. There is no question of subrogation in the case. The only question is, has there been a breach of the administrator's bond, resulting in damage to plaintiff.

*W. H. H. Thomas* for respondents.

The petition does not state a cause of action. The purchaser at a trustee's sale takes the property subject to all incumbrances. *Harrigan v. Wellmuth*, 77 Mo. 542; *Schmidt v. Smith*, 57 Mo. 135; *Scott v. Shy*, 53 Mo. 478; *Tanner v. Taussig*, 11 Mo. App. 534.

BIGGS, J.—This is an action on an administrator's bond. The breach assigned is the failure of the administrator to pay the state and county taxes assessed against certain real estate, which belonged to the intes-

tate at the time of his death. The facts as stated in the petition are these. The decedent died in January, 1891. Previous to his death, to wit, in the year 1888, he mortgaged the land to the relator to secure a debt. After his death the relator sold the land under the mortgage, and became the purchaser. The defendant administrator took possession of the land under an order of the probate court, and he continued in the possession until after the sale under the mortgage, which occurred about nine or ten months after the death of the decedent. It is then averred that the state and county taxes assessed against the land for the years 1889, 1890 and 1891, were delinquent at the time of the sale; that previously and subsequently thereto the administrator had refused, upon request, to pay them, and that the relator, in order to protect his purchase, had been compelled to pay the amount due, with penalties and costs added. Under this state of facts the relator claimed that the administrator had committed waste, resulting in the breach of his official bond, and that he (relator.) was entitled to recover damages therefor. The circuit court entered final judgment on demurrer, and the relator has brought the case here for review.

The mortgage contained the usual covenant on the part of the deceased to discharge all taxes properly assessed against the land. Whether during the life of the mortgage the relator could have paid the taxes and then been entitled to an allowance and classification of the amount as a preferred demand, we need not discuss. *State ex rel. v. Tittman*, 103 Mo. 553. Section 183, Revised Statutes of 1889. The relator did not see proper to pursue that course, but proceeded to foreclose his mortgage by sale, and after the final settlement of the estate he brought the present action. Therefore, in this litigation he occupies the position of

a purchaser, and as such his right of recovery must be determined. As purchaser he took the land subject to all incumbrances, including the delinquent taxes. This is the conclusion reached by the supreme court in several cases. *Harrigan v. Wellmuth*, 77 Mo. 542; *Schmidt v. Smith*, 57 Mo. 135; *Scott v. Shy*, 53 Mo. 478. The purport of the decisions is that the right of a mortgagee to protect himself in the payment of delinquent taxes must be asserted before foreclosure of the mortgage.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed.