[Civ. No. 390.   Second Appellate District.—October 23, 1907.]

## CONTINENTAL BUILDING AND LOAN ASSOCIATION OF CALIFORNIA, Respondent, v. J. E. LIGHT et al., Appellants.

TRUST DEED TO SECURE NOTE—STIPULATION AS TO RECITALS IN TRUSTEES' DEED UPON SALE—ACTION FOR DEFICIENCY—EVIDENCE.— Where a deed of trust to secure a note stipulated that upon a sale under the trust the recitals in the trustees' deed to the purchaser as to any facts affecting the regularity or validity of· the sale shall be conclusive, the court, in an action to recover a deficiency upon the note secured, properly admitted the latter deed in evidence of the prerequisites to a valid sale.

ID.—RETENTION OF FEES OF AUCTIONEER AND ATTORNEY.—Where the deed of trust expressly stipulated the right to retain out of the proceeds of the sale the fee of the auctioneer, and also that of the attorney for the trustees, such fees are not allowed by way of penalty, but by way of reimbursement for actual expenses incurred in the execution of the trust.

APPEAL from a judgment of the Superior Court of San Bernardino County.   F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

J. E. Light, and Mack & Light, for Appellants.

Frank G. Finlayson, for Respondent.

ALLEN, P. J.—Action to recover balance due on note after proceeds of sale under a trust deed had been exhausted. Judgment for plaintiff, from which defendants appeal upon a bill of exceptions.

The trust deed executed by defendants to the Central Trust Company as security for the payment of a promissory note of even date, made by defendants to plaintiff, contained the

stipulation that in the event of a sale under said trust and the execution of a deed by the trustee, the recitals therein of any facts affecting the regularity or validity of such sale should be conclusive of all facts recited against the grantors in such deeds, and that the trust deed was security for the repayment of all moneys laid out and expended by virtue thereof, and for an attorney's fee, to become due and payable upon default of any of the conditions of the trust deed; and that in the event of a sale, the trustee, out of the proceeds, should pay, first, the expenses of executing the trust, including counsel fees.

Upon the trial, the court admitted in evidence the deed of the trustee to the purchaser as evidence of the prerequisites to a valid sale. We find no error in this. The deed of trust made by appellants expressly stipulated as to the force and effect of the recitals in the trust deed in the event of a sale, and gave the trustee authority to bind them by the execution of a deed and by its recitals. (*Mersfelder* v. *Spring,* 139 Cal. 593, [73 Pac. 452].)

The right to retain out of the proceeds of the sale an amount sufficient to pay an auctioneer's fee and counsel fees is questioned. Again, we find that the deed of trust expressly authorizes such retention. While the deed by its terms provided that upon default an attorney's fee shall become due, yet reading the subsequent clause, which relates to the event authorizing its retention, it is plain that such fees were not in the nature of a penalty, but a reimbursement on account of actual expenses incurred. The court found, and the evidence sustains such finding, that the sums mentioned were actually paid by the trustee in the execution of the trust, and the same were proper matters to consider in determining the net amount applicable to the remaining indebtedness secured by the deed of trust. The deed authorized payment of expenses incurred by the trustee, and those items of which appellants complain were appropriate outlays in the execution of such trust.

We find no error in the record and the judgment is affirmed.

Shaw, J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal, on November 22, 1907.