WILLIS LUCAS LUMBER COMPANY, PLAINTIFF, v. MELVILLE R. NEAL, DEFENDANT; J. B. SHACKELFORD, GARNISHEE; FORD INVESTMENT COMPANY ET AL., INTERPLEADERS.*

Kansas City Court of Appeals.   April 2, 1928.

*Corpus Juris-Cyc References: Mortgages, 41CJ, section 1475, p. 1015, n. 77; p. 1016, n. 78; 42CJ; section 2019, p. 315, n. 16.

*D. D. Reeves* for appellant.

*J. B. Shackelford* for respondent Ford Investment Company.

*F. P. Stapleton* for respondent Summa.

WILLIAMS, C.—This action involves the right to surplus proceeds arising from a foreclosure sale under a second deed of trust.

J. B. Shackelford was the trustee in the second deed of trust and conducted the sale.

The plaintiff, Willis Lucas Lumber Company sued the defendant, Melville R. Neal in the circuit court of Gentry county by attachment, and garnished J. B. Shackelford. The garnishee, J. B. Shackelford, paid the money in the hands into court and also filed a pleading in the nature of an interplea. The court ordered the other defendants to interplead.

The evidence shows that interpleader, Melville R. Neal and Clara J. Neal, his wife, were the owners of certain real estate in Gentry county; that on the 27th day of February, 1923, Neal and wife executed and delivered a deed of trust conveying said land to J. B. Shackelford, trustee, to secure the payment of a note of $5000 and interest with the Ford Investment Company as beneficiary. On the same day they executed and delivered notes payable to the Ford Investment Company for the sum of $1400, and secured them by a second deed of trust upon the same land. It was recited that the second deed of trust was subject to the first deed of trust. In said second deed of trust it was further recited, in addition to the power of sale and the ordinary terms of a deed of trust, as follows:

". . . and such trustee shall, out of the proceeds of said sale, pay, first, the costs and legal expenses of executing this trust, including legal compensation to the trustee for his services, and also, the expenses of providing for the purchaser a full abstract of title of said real estate to the date of sale, and, next, shall apply the proceeds remaining over to the payment in full of said note, and of all sums that may have been expended under the provisions hereof by the said party of the third part and next, to the payment of taxes and special assessments due and unpaid, and of all liens upon said real estate affecting the priority of this deed as a first lien on said real estate, and the remainder, if any, shall be paid to the parties of the first part or their legal representatives."

A third deed of trust was given upon this property by the same parties to one W. M. Floyd, who is represented in this court by M. H. Carlock, his administrator. An assignment was procured from Melville R. Neal and Clara J. Neal, conveying all their rights in the surplus to W. M. Floyd. The land was sold under the second deed of trust. It announced that the land was sold subject to the Ford Investment Company deed of trust of $5000. The bid was $3000, which after paying the note, secured by the second deed of trust, and other charges, a balance of $822.97 was paid into court, and is the fund in controversy.

At the trial below it was adjudged that this fund should be credited upon the first deed of trust which was in accordance with the prayer of the interpleaders, Ford Investment Company and the purchasers of the land, Dillon E. Summa and Dewey Summa.

After an unsuccessful motion for a new trial the case is brought here on appeal.

It is contended by appellant that the surplus arising from a sale under a second deed of trust, in equity, goes to the payment of the third deed of trust.

This contention, in the absence of any qualifying circumstances, is well supported by the following authority: Abbe v. Justus, 60 Mo. App. 300; Helweg v. Heitcamp, 20 Mo. 570; Strawbridge v. Clark, 52 Mo. 21; Jones v. Sheppard, 145 Mo. App. 470; Stark v. Love, 128 Mo. App. 24.

It may also be conceded, as contended by appellant, that absent qualifying circumstances, the land is the primary fund for the payment of the first deed of trust. [Landau v. Cottrill, 159 Mo. 308.]

The question then presents itself, can the parties change this rule by contract?

The parties have not cited, nor have we been able to find, a case in Missouri exactly fitting this case upon the facts. The case of Moring v. Privott, 60 S. E. 509, decided by the Supreme Court of North Carolina, seems to be in point upon facts even stronger than those of the case at bar. The syllabus, which is well stated, is:

"The rule that the trustee in a junior deed of trust, in selling under his power, makes the sale subject to the prior deed, and that he should apply the proceeds of the sale to payment of his debt, did not apply where a provision in such second deed of trust required the trustee to discharge the notes secured by the prior deed from the proceeds of the sale."

Indirectly this principle has been recognized in Missouri. The Supreme Court of Missouri in Scott v. Shy, 53 Mo. 478, l. c. 482, said:

"The purchaser bought subject to the mortgage of Iron county, so far as the case shows. Undoubtedly, if there had been any special understanding or agreement, that, in order to make a clear title to the purchaser, the trustee would out of the proceeds pay off the prior encumbrances, such agreement would have been valid and authorized the trustee to act as he did in this case."

Again in the case of Schmidt v. Smith, 57 Mo. 135, l. c. 137, the court said:

"A trustee holding the naked legal title, cannot on a sale of the property, use part of the purchase money to satisfy taxes or prior encumbrances, unless he is empowered thereto in the instrument creating the trust."

The later case of Brown v. Bland, 229 S. W. 448, l. c. 450, said:

"So there is no question but that defendant had no authority to pay out any part of the money he received at the sale except in the manner prescribed in the deed of trust foreclosed, unless he was authorized in writing to do so."

In the case of Jones v. Shepard, 145 Mo. App. 470, l. c. 479, it is said:

"Ordinarily how a trustee who sells property under a deed of trust shall dispose of the proceeds, must be ascertained from the directions of the instrument, provided these are not in conflict with the law."

We find the same question was presented to the Supreme Court of Illinois, in the case of Hall v. Gould et al., 79 Ill. 16, in which the court said, l. c. 21:

"Such deeds usually require any surplus that may remain, to be paid to the person making the trust deed, but it will be conceded that the maker can provide as he chooses for its disposition, so that creditors are not defrauded."

In Pearce v. Mills, 67 So. Rep. 581, the Supreme Court of Alabama recognizes the power to contract for the disposition of the surplus, as is shown by the following quotation, l. c. 582:

"Proceeds of mortgaged property or of property charged with a lien *must* be applied to the debts secured, unless by agreement to the contrary. [Strickland v. Hardie, 82 Ala. 412, 3 South 40.]" [See, also, Continental Building & Loan Ass'n of Calif. v. Light et al., 92 Pac. 1034.]

We find no authority to the contrary.

It is next presented by appellant that the Ford Investment Company should be estopped from claiming the proceeds of the sale by reason of their conduct. Nothing appears in this record, as we see it, that would subject the Ford Investment Company to any estoppel. They were simply there at the sale. The holders of the third deed of trust were not present and could not have been misled.

It is next contended, that, as the second deed of trust was made subject to the first deed of trust, this would bar the holders of the first deed of trust from giving force to the provision for the payment of surplus. It is always proper for a second deed of trust to recite that it is a second deed of trust, and we see no conflict between the mere recital as contained in the second deed of trust and the other provisions contained therein. The holder of the third deed of trust knew of the provisions in the second deed of trust. He did not have to buy it with this provision in. No undue advantage was taken.

We think the decree of the circuit court was the only one that could have been entered on the facts as they are presented in this record. The judgment is affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the Court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.