324 A.2d 334.

ARMAND'S ENGINEERING, INC. *vs.*
TOWN AND COUNTRY CLUB, INC.

JULY 30, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. The respondent corporation, Town and Country Club, Inc., operator of a swimming club in the town

of Smithfield, ceased operations and abandoned the premises on which the business was located in the fall of 1969. At the time, there were three outstanding mortgages of record on the real estate of the respondent. When the respondent abandoned the premises, Sheldon L. Gerber and Abbott Katzman, the assignees of the third mortgagee, Providence Electric Co., Inc., hereinafter referred to as appellants, entered upon and took possession of the premises and commenced foreclosure proceedings under the terms of the third mortgage by scheduling a foreclosure sale for April 29, 1970.

Armand's Engineering, Inc., a creditor of respondent corporation, petitioned the Superior Court for the appointment of a receiver for respondent corporation. Temporary coreceivers were appointed and suits by creditors were enjoined. The appellants continued the foreclosure sale scheduled for April 29, 1970 until May 20, 1970, and petitioned the Superior Court for leave to continue foreclosure proceedings under the terms of the third mortgage. On May 19, 1970, in Superior Court, the temporary coreceivers were appointed permanent coreceivers, appellants' petition to proceed with the foreclosure sale was granted, and the sale, subject to prior recorded mortgages, was set for May 20, 1970. The appellants were also ordered to report the results of the sale to the coreceivers. The order provided that any excess remaining from the sale after the payment of the mortgage and the expenses of the sale was to be distributed in accordance with an agreement to be reached by the coreceivers and counsel for appellants or, in the event no agreement was reached, distribution was to be as ordered by the court after hearing.

On May 20, 1970, at the foreclosure sale appellants were the successful bidders. The amount bid was $18,000, whereas the amount due under the mortgage, including principal and interest, was $11,359.84, thereby creating a

surplus or excess. At this point in time, the record discloses that appellants were also the assignees of the two prior outstanding mortgages. The appellants' counsel and the coreceivers were unable to agree as to the disposition of the surplus funds remaining from the foreclosure sale. A hearing was held in Superior Court to determine the disposition of the surplus funds. The Superior Court justice rendered a decision wherein he found that the property was sold subject to the two prior outstanding mortgages and that the surplus funds could not be held to satisfy one of the prior mortgages.

Subsequently, in accordance with said decision, an order was entered on September 12, 1972, directing the disbursement of the surplus funds in the amount of $3,485.16, plus interest, to the coreceivers of respondent corporation, Town and Country Club, Inc.

On September 20, 1972, appellants filed a motion to vacate the order of September 12, 1972, which motion was heard and denied on October 25, 1972, by a different Superior Court justice. An order was entered on October 27, 1972, wherein the order of September 12, 1972, was modified insofar as it related to the date by which the surplus funds were to be turned over to the coreceivers. On October 28, 1972, appellants filed their appeal to this court from the order entered October 27, 1972. It is that appeal which is now before us.

Before we proceed to consider the main issue raised on appeal, we must dispose of the coreceivers' contention that the only matter properly before us is appellants' appeal from the denial by the Superior Court of a motion to vacate the order of September 12, 1972, wherein the surplus funds were ordered turned over to the coreceivers.

The coreceivers argue that since appellants' appeal was filed 46 days after the order of September 12, 1972, which mandated the disbursement of funds to the coreceivers,

the appeal was beyond the 20-day limit allowed for appeal under the Rules of the Supreme Court of Rhode Island, and the issue of the validity of the disbursements order of September 12, 1972, is not properly before this court. They further contend that the motion to vacate should be construed as being filed under Super. R. Civ. P. 60. The appellants maintain that the motion to vacate the order of September 12, 1972, should be construed as being filed under the provisions of Rule 4(a), which states in relevant part:

> "The running of the time for filing a notice of appeal is terminated * * * upon a timely motion * * * (3) granting or denying a motion under Rule 59 to alter or amend the judgment * * *."

They further argue that the motion to vacate the order should be treated as being filed under Rule 59(e), rather than §60(b) as contended by the coreceivers, and rely on the comment in 1 Kent, *R. I. Civ. Prac.* §59.10 at 447 to buttress this argument:

> "Rule 59(e) enables a party to move to alter or amend the judgment not later than 10 days after its entry. A motion to vacate a judgment is proper under this subdivision. Such a motion made within 10 days after entry of judgment should be treated as made under this subdivision rather than under Rule 60(b). The difference is important, for a motion under Rule 59(e) suspends the finality of the judgment and the time for claiming an appeal, while Rule 60(b) motion does neither."

We agree that the motion to vacate should be construed as being filed under Rule 59(e) and thereby treated as a motion to amend or alter a judgment even though labeled as a motion to vacate. The appeal filed on October 28, 1972, following the denial by the Superior Court of the motion to vacate, is therefore within the time limit for appeals, and the issue of the validity of the order of September 12, 1972, is properly before us.

The facts are not in dispute and the only issue before us is whether or not the trial justice misapplied the law in ordering the surplus remaining after a foreclosure sale turned over to the court appointed coreceivers, the successors of respondent corporation.

It is well settled that on a foreclosure sale a surplus is held to the use of the owner of the equity of redemption and that without such owner's consent it cannot be used to discharge a prior mortgage. *O'Brien* v. *Slefkin*, 88 R. I. 264, 147 A.2d 183 (1958); *Fudim* v. *Kane*, 48 R. I. 155, 136 A. 306 (1927); *see also Sohn* v. *California Pac. Title Ins. Co.*, 124 Cal. App.2d 757, 269 P.2d 223 (1954); *Bobbitt* v. *Stanton*, 120 N.C. 253, 26 S.E. 817 (1897).

The appellants concede that under the provisions of §34-11-22 the surplus remaining after the mortgage debt and the expenses of the foreclosure sale are paid should be turned over to the mortgagor, but they would limit the statute's applicability to the normal first mortgage foreclosure sale. They contend that under the circumstances here the surplus should be applied to a reduction of the debts due under the prior mortgages. A prior mortgage or lien may be first satisfied out of the proceeds if the property was sold free from its lien. *Merchants Bank and Trust Co.* v. *Watson*, 187 N.C. 107, 121 S.E. 181 (1924). There is also authority to the effect that when there is an agreement of the parties, the surplus may be applied to prior mortgages or liens. *Willis Lucas Lumber Co.* v. *Neal*, 222 Mo. App. 728, 4 S.W.2d 1098 (1928). However, absent these factors, it is not proper to appropriate any portion of the proceeds to such a senior mortgage or lien. *Wartell* v. *Novograd*, 49 R. I. 191, 141 A. 461 (1928); *Fudim* v. *Kane, supra; Thomas* v. *Haines*, 285 Mass. 90, 188 N.E. 621 (1933); *Willis Lucas Lumber Co.* v. *Neal, supra.*

There is no evidence in the instant case of any special agreement between the parties waiving any of the provisions contained in the statutory power of sale, nor is there any evidence that the parties have waived any of their rights under the statute. It is also undisputed that the foreclosure sale was made subject to the two prior mortgages of record. The appellants have not presented us with any compelling reason that the circumstances here dictate a departure from the general rule.

The appellants, while conceding that §34-11-22 is applicable and controlling when relating to the normal first mortgage foreclosure sale, further argue that since respondent creditor corporation is hopelessly insolvent and cannot pay its outstanding debts, it is not equitably entitled to the surplus remaining after the foreclosure sale. They further argue that under the circumstances, a turning over of the surplus to the coreceivers would result in the anomaly of a creditor turning over funds to a debtor who owes more than the amount of the surplus. At first glance, this argument appears to have merit. However, appellants have overlooked the fact that we are concerned here not with the distribution of the surplus funds but only with the question of accountability. There is nothing in the record to indicate whether there are any liens subsequent to the foreclosed mortgage on the premises involved. If any such liens do exist, the lienors have the right to have the surplus applied to the discharge of said liens by the coreceivers before the funds are applied to the payment of the senior mortgages owned by appellants.

In a foreclosure of a junior mortgage, the senior mortgage remains on the land and the buyer takes the property, subject to this mortgage which remains on the land, and therefore no rights or claims of senior mortgages are affected. *Wartell* v. *Novograd, supra.*

The appellants contend that neither the coreceivers nor their predecessor, respondent corporation, has any title, right, or interest in the real estate or in any funds derived therefrom. They state that they are the holders of the prior mortgages and that therefore when the foreclosure sale under the third mortgage took place, the equity of redemption secured by the mortgage was extinguished and a merger was thereby effected. They contend they are therefore entitled to the surplus. Assuming that a merger was effected, the appellants have not persuaded us that an exception should be made to the general rule as espoused by us in *O'Brien* v. *Slefkin* and *Fudim* v. *Kane,* both *supra.* On this record we find no error.

The appellants' appeal is denied and dismissed. The order appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Donald R. Lembo, Don G. Sinesi,* for plaintiff-appellee.

*Feiner and Winsten,* for appellants Sheldon L. Gerber and Abbott Katzman, assignees of the third mortgagee, Providence Electric Co., Inc.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* defendant pro se.