DECISION ON PLAINTIFF'S MOTION TO RECONSIDER
The Plaintiff, Diane Muliero, moves this Court to reconsider or vacate the Court's September 4, 2002 Decision, which granted summary judgment to Eastern Refractories Company, Inc., (ERCO). Jurisdiction is pursuant to Super. Ct. R.Civ.P. 59(e).
 FACTS AND TRAVEL
Matthew Muliero (decedent) was employed as a "rigger," a person charged with the installation and movement of heavy equipment and machinery such as boilers and turbines. Decedent held this occupation for more than thirty-five years, working most of his career for a rigging company operated by Douglas Lamb. After his retirement, decedent became ill and commenced a suit against a number of manufacturers, distributors, and contractors, claiming that his illness resulted from occupational exposure to asbestos. Diane Muliero, decedent's wife (Plaintiff), continued to pursue decedent's action subsequent to his death.
One of the named defendants in Plaintiff's action is Eastern Refractories Company, Inc. (ERCO). ERCO is both a distributor and installation contractor of insulation and refractory materials. Its employees often worked on projects with the decedent, cutting, spraying, and applying heat-resistant pipe covering and constructing "brick-work" to facilitate the installation process. Plaintiff claims that decedent, while employed as a rigger, was exposed to these products used by ERCO's employees, some of which contained asbestos.
ERCO motioned this Court for summary judgment with respect to R.I.G.L. 1956 § 9-1-29, a statute of repose that provides a ten-year limit on the liability of "materialmen" who furnish materials used for the construction of improvements to real property. ERCO's position was that the installation of heavy equipment or machinery constitutes an "improvement to real property" and should be afforded the protection of the statute. The Plaintiff objected to ERCO's motion. This Court granted summary judgment.
The Plaintiff now petitions the Court to reconsider or vacate the judgment based on the following grounds: (1) the Court did not have all of the evidence relevant to the case; (2) the Court should have used the Massachusetts statute of repose instead of the Rhode Island statute; and (3) the constitutionality analysis in the Decision was erroneous. This Court will address each of these grounds in seriatim.
The Defendant objects to the Plaintiff's motion. The Defendant contends that the Plaintiff is asking the Court to reconsider facts that the Plaintiff did not originally provide to the Court and which were readily available and not newly discovered. Furthermore, the Defendant argues that the Rhode Island statute of repose is the appropriate statute for this matter since Rhode Island was the forum which the Plaintiff brought this action in the first place and the Plaintiff did not raise this issue in a timely fashion pursuant to Super.Ct.R.Civ.P. 44.1.
 MOTION TO RECONSIDER OR VACATE
The Rhode Island Rules of Civil Procedure, like the Federal Rules of Civil Procedure, generally do not recognize or provide for a motion for reconsideration. See generally, Hatfield v. Bd. of Cty. Com'rs forConverse Cty., 52 F.3d 858 (10th Cir. 1995) (citations omitted). However, our Supreme Court, in noting its governance by the "liberal rules" of civil procedure, has "look[ed] to substance, not labels." Sarniv. Melocarro, 113 R.I. 630, 636, 324 A.2d 648, 651-52 (1974). Consequently, "[a] motion can be construed as made under Rule 60(b) even if it is styled as a `Motion to Reconsider. . . .'" James Wm. Moore et. al., Moore's Federal Practice 1997 Rules Pamphlet ¶ 60.2 [9] (1996). However, a motion to vacate filed within (10) ten days of the judgment should be treated as filed under Rule 59(e), rather than under Super.Ct.R.Civ.P. 60. Armand Eng'g, Inc. v. Town and Country Club, Inc.,113 R.I. 515, 324 A.2d 334 (1974). Therefore, the Plaintiff's motion can be construed as a motion to vacate under Rule 59(e).
Our Supreme Court has addressed the issue of the Superior Court's power to reconsider decisions rendered after a nonjury trial in a civil matter. Corrado v. Providence Redevelopment Agency, 110 R.I. 549,294 A.2d 387 (1972). In Corrado our Supreme Court held that the trial court could review its own decision and grant a new trial only if it found a manifest error of law in the judgment entered or if there was newly discovered evidence which was unavailable at the original trial and sufficiently important to warrant a new trial. Id. at 554-55. The Court defined a manifest error of law as, "one that is apparent, blatant, conspicuous, clearly evident, and easily discernible from a reading of the judgment document itself." American Federation of Teachers Local 2012v. Rhode Island Board of Regents for Education, 477 A.2d 104, 106 (1984). The Plaintiff now moves this Court to reconsider its Decision to grant summary judgment to the Defendant on the grounds that the Court did not have all of the available evidence before it and that the Court erred as a matter of law in granting the summary judgment.[1]
 CONSIDERATION OF NEW EVIDENCE
The Plaintiff contends that this Court failed to consider all of the evidence available when granting the motion for summary judgment and should therefore reconsider the Decision in light of the additional evidence. In granting a summary judgment the trial justice examines the pleadings, depositions, answers to interrogatories, admissions on file and the affidavits of the parties to determine whether these documents present a genuine issue of material fact. Volino v. General Dynamics,539 A.2d 531, 532-33 (R.I. 1988). Recently, our Supreme Court explained:
 "Although the moving party bears the initial burden of establishing that no genuine issue of material fact exists for a finder of fact to resolve, it can carry this burden successfully by submitting evidentiary materials, such as interrogatory answers, deposition testimony, admissions, or other specific documents, and/or pointing to the absence of such items in the evidence adduced by the parties. If the moving party satisfies this burden, the nonmoving party then must identify any evidentiary materials already before the court and/or present its own competent evidence demonstrating that material facts remain in genuine dispute." Heflin v. Koszela, 774 A.2d 25, 29 (R.I. 2001) (quoting Doe v. Gelineau, 732 A.2d 43, 48 (R.I. 1999)). (Emphasis added).
Moreover, our Supreme Court has held that the trial court could review its own decision regarding new evidence only if that evidence was unavailable at the original trial. Corrado, 110 R.I. 549, 294 A.2d 387 at 554-55. This Court has reviewed the record evidence presented by the Plaintiff in her opposition to the motion for summary judgment. The Plaintiff now asks this Court to review additional evidence that she failed to submit when she filed her opposition to the Defendant's motion. Since this evidence was available to the Plaintiff at the time the motion was filed and could have been produced, this Court declines to reconsider or vacate its decision to review such evidence now.
 CHOICE OF LAW
The Plaintiff contends that this Court made an error of law by using the Rhode Island statute of repose instead of the Massachusetts statute. Rule 44.1 of the Rhode Island Superior Court Rules of Civil Procedure provides that, "a party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable notice." See Super.Ct.R.Civ.P. 44.1. The Committee Notes for this rule clearly state that Rule 44.1 also applies to foreign states. In addition, R.I.G.L. 1956 § 9-19-6 provides that, "any party may also present to the trial court any admissible evidence of foreign laws, but to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall begiven to the adverse parties either in the pleadings or otherwise." See
R.I.G.L. § 9-19-6. (Emphasis added).
The Plaintiff raised the issue of using a foreign jurisdiction for the first time in her Plaintiff's Memorandum in Opposition to Motion for Summary Judgment with Respect to the Statute of Repose Filed by Defendant Eastern Refractories Company, Inc. This Court finds that the Plaintiff did not raise this question of law in a timely manner pursuant to Rule 44.1. Allowing the Plaintiff to switch the laws of the jurisdiction at this stage of the proceedings would deprive the Defendant of the chance to adequately defend its case by having to use the laws of a foreign state. See Rochio v. Moretti, 694 A.2d 704, 707 (R.I. 1997) (finding that Rule 44.1 requires a party seeking to have the court take judicial notice of foreign law to give reasonable notice to adverse parties in the pleadings or otherwise). This Court notes that Rhode Island has a statute of repose and standing law that can be applied in the instant case. For all of the foregoing reasons, this Court declines to reconsider this issue of applying a foreign state's statute of repose in this case.
 CONSTITUTIONALITY ARGUMENT
The Plaintiff argues that this Court's analysis regarding the constitutionality of applying R.I.G.L. § 9-1-29 to this case was erroneous. Specifically, the Plaintiff disagrees with the Court's determination that the "remedy for every wrong" provision of article 1, section 5 of the Rhode Island Constitution would preclude the use of § 9-1-29 in this case. Article 1, section 5 of the Rhode Island Constitution provides in pertinent part: "[e]very person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which may be received in one's person, property, or character." Our Supreme Court found that § 9-1-29 does not violate article 1, section 5, of the Rhode Island Constitution if plaintiffs could resort to the courts for redress of injuries arising out of improvements to real property against other potential defendants. SeeWalsh v. Gowing, 494 A.2d 543 (R.I. 1985) (holding that § 9-1-29 does not violate article 1, section 5, because the plaintiff seeking damages could resort to the courts for redress of injuries arising out of improvements to real property against the owners or operators of the improved property). Simply stated, as long as a plaintiff is not prejudiced from seeking redress from the courts, § 9-1-29 may be applied.
In this Court's analysis of the constitutionality of applying §9-1-29 in the present case, this Court noted that there were other potential avenues for the Plaintiff to seek redress in the courts, thus making the application of § 9-1-29 constitutional. In this Motion to Reconsider the Plaintiff objects to this Court's analysis suggesting that the Plaintiff could have brought an action against the decedent's employer through a workman's compensation claim. However, the Plaintiff failed to take note of the second part of this Court's analysis. Even if this Court strikes the workman's compensation claim from its analysis, which it declines to do, the second part of the analysis would still uphold the constitutionality of applying § 9-1-29 to the instant case.
In the second part of the analysis the Court noted that there were more than 20 other named defendants in this case and that the Plaintiff has already settled with at least three of them: J. H. France, Allied Signal, and Dillon Boiler. Thus, the Plaintiff had potentially liable defendants that she, herself excused. It is clear that the Plaintiff was not prejudiced from seeking redress in the courts. Our Supreme Court has held that, "[a]n injured party always assumes the risk that a jury or court will assign a lesser measure of liability to the remaining alleged tortfeasors than he or she had forecast." Merril v. Trenn, 706 A.2d 1305, 13311 n. 19 (R.I. 1998). For the foregoing reasons, this Court declines to reconsider the constitutionality of applying § 9-1-29 to the instant case.
 CONCLUSION
After reviewing this Court's September 4, 2002 Decision and the oral arguments of the Plaintiff's counsel, the Plaintiff's Motion to Reconsider or Vacate is hereby denied.
[1] In so doing, the Plaintiff is essentially objecting to this Court's findings, which were based on evidence and arguments that they, themselves, presented.