ORFINGER, Chief Judge.
The holder of a valid second mortgage appeals from an order of the trial court ordering excess proceeds (resulting from the sale of the mortgaged property following foreclosure of the first mortgage) distributed to a third and fourth mortgagee, and holding that the second mortgagee had forfeited its claim. We reverse.
Century Federal Savings and Loan Association (Century) filed an action to foreclose its first mortgage. It listed the following as having inferior liens or claims, and the dates of the recording of the respective claims, viz: Small Business Administration (SBA), March 22, 1976; Borg-Warner Acceptance Corp. (Borg-Warner), May 11, 1977, and May 24, 1977; ITT Diversified Credit Corp. (ITT), October 24, 1977; Lawrence Borns, November 2, 1977; Halifax National Bank (Halifax), July 10, 1978.
The United States of America answered for the SBA, asserting its statutory right of redemption under 28 U.S.C., section 2410(c), attached a copy of its note and mortgage on the subject property, and alleged that as of April 24, 1980, there was a balance due of $16,008.16, principal and interest, with interest accruing at the rate of $2.80 per day thereafter. No party controverted this allegation. It requested a right to participate in any excess proceeds. Halifax and Borg-Warner defaulted. ITT answered, requesting participation in any excess proceeds. Borns answered, asserting that he held a valid mortgage and claiming no knowledge of any of the remaining allegations.
Following the sale of the property under the terms of the final judgment foreclosing the first mortgage, Halifax filed a motion requesting leave to intervene, claiming that it now held the third mortgage by virtue of assignment from Borg-Warner, that its *1197 mortgage was inferior only to the second mortgage held by SBA, and that it was entitled to whatever remained after payment of the second mortgage. Halifax also filed a motion to disburse proceeds, requesting that the excess proceeds be distributed first to SBA in the amount of $19,965.47 and the balance to it.[1]
ITT filed a written objection to Halifax’ motion to intervene, alleging that Borg-Warner had defaulted earlier and that its assignee should not now be heard (and that Halifax itself had defaulted); that SBA held the second mortgage with a balance as of January 6, 1981, of $16,964.27; that the excess proceeds should be used to first satisfy the SBA and that any excess thereafter should go to ITT. It then requested an order on disbursing proceeds and called the motion up for hearing.[2]
In the order appealed from, the trial court allowed the intervention by Halifax and corrected a minor mathematical error in the amount found due to the first mortgagee.[3] It then found that the mortgage liens and their priorities were as follows: (i) first mortgage — Century Federal Savings & Loan Association; (ii) second mortgage, United States of America through SBA; (iii) Halifax National Bank, as assignee of Borg-Warner; (iv) ITT. It held that the liens of the subordinate mortgages transferred to the excess proceeds “in accordance with the respective priorities of said mortgages as a result of the mortgage foreclosure sale and that said excess proceeds should be disbursed in accordance therewith.” However, the order then denied the United States of America any right to participate in the proceeds because “no proof or claim to any part of the excess proceeds has been filed by the United States of America or the Small Business Administration and on account thereof, it is not entitled to participate in the excess proceeds.” The court thus ordered that the excess proceeds be distributed first to Century to correct the computational error, then to Halifax and then to ITT. A motion to reconsider was denied, and the United States appeals.
In answering the original complaint, the United States (for the SBA) had asserted its second priority and stated the amount of its claim and the accrual thereon. None of the contesting parties denied the priority of the United States or the amount of its mortgage balance. In fact, both Halifax and ITT, who were the real contestants, admitted the amount of the SBA mortgage balance. There is nothing in the record that would have put appellant on notice of the necessity of presenting further proof of its claim at the hearing, nor in fact, is there any notice that proofs would be required or presented at the hearing.
The parties to an action are bound by the allegations in their pleadings and any admissions made in the pleadings are accepted as facts without the necessity of any supporting evidence. Carnell v. Kinsey, 87 So.2d 577 (Fla. 1956); Fernandez v. Valle, 364 So.2d 835 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 457 (Fla. 1979); Freeman v. Holland, 122 So.2d 791 (Fla. 1st DCA 1960). The pleadings of appellees Halifax and ITT established, without the need for any further proof by appellant, that appellant held the second mortgage, that appellant’s claim should be satisfied *1198 prior to any of the other outstanding claims, and that the amount due appellant was not less than $16,964.27. If the court felt the need for formal proof, proper notice and an opportunity to be heard should have been given. The only notice of hearing was by ITT on its opposition to Halifax’s motion to intervene, and to disburse proceeds. Both ITT and Halifax conceded an almost identical balance due SBA. They were the only contestants and their admissions are binding on them. The only dispute raised by their pleadings was which of them came next after SBA.
Appellees also argue that the trial court’s decision should be affirmed because appellant’s right of redemption provided an equitable basis for arriving at a different order of payment. Appellees quote as follows from the case of Waybright v. Turner, 129 Fla. 310, 176 So. 424, 428 (Fla. 1937), to support this proposition:
“In determining who is entitled to surplus proceeds arising in a foreclosure sale, it is the general rule that all incumbrances on mortgaged premises inferior to the mortgage on which the sale is based, must be paid in the order of time in which they respectively became liens, except as some equitable right demands a different order of payment.”
However, the Waybright court found no such equitable circumstances and held the second mortgagee entitled to share in the surplus. Moreover, the case did not involve any issues analogous to those in the case before us.
No authority has been cited dealing with the question of whether or not a trial court may deny a second mortgagee’s claim and give subordinate mortgagees priority because the second mortgagee has a right of redemption. Neither has our independent research revealed any such authority. However, the Florida Supreme Court has held that a second mortgagee, in a proceeding for surplus proceeds, is not required to release his claim in favor of subsequent mortgagees merely because the debt is adequately secured and his claim could be satisfied from other property on which the mortgage is also a lien. Coombes v. Wheeler, 131 Fla. 593, 179 So. 785 (Fla. 1938). Appellees’ argument in the instant case is analagous in that it would deprive appellant of its right to share in the surplus merely because there was a possible alternative method by which it could satisfy its claim. Appellant’s otherwise valid right to share in the mortgage proceeds is not affected by its statutory right of redemption.
The order on surplus proceeds of sale is reversed for further proceedings consistent herewith.
REVERSED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.

. The prayer of Halifax’ motion read:
WHEREFORE, Movant prays for the entry of an Order directing disbursement of the excess proceeds not disposed of by the provisions of the Final Judgment by paying those sums due to Small Business Administration of $16,965.47, and those sums due to HALIFAX NATIONAL BANK OF PORT ORANGE in the amount of $12,400.36.

. The prayer of ITT’s motion read:
The sale proceeds at the foreclosure sale should first be used to satisfy the cost of the sale, then satisfy the Plaintiff, then the United States of America since they have in fact answered and defended their position, then this movant since it likewise has answered and defended its position and specifically requested to participate in excess proceeds. Borg-Warner having failed to answer and has suffered a default cannot be heard to come in after final judgment and after foreclosure sale to participate in excess proceeds.

. Neither of these orders has been appealed and are thus not considered.