Pursuant to the memorandum filed herein on this date,

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment be and it is granted.

In light of this holding,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment in this action be and it is entered in favor of plaintiff and against defendant in the amount of $6,745.00.

**William L. WEBSTER, Plaintiff,**

v.

**Clyde M. WISHON, et al., Defendants.**

**No. 84–5045–CV–SW–O.**

United States District Court,
W.D. Missouri,
Southwestern Division.

Feb. 10, 1986.

now owing to the United States. In reaching such a conclusion, the Court finds the following facts particularly noteworthy: Boots' assertion in her letter of August 24, 1985 that she would pay the debt if the judge approved it, her failure to reschedule the proposed July 2, 1985 hearing to contest the debt, and her lack of response to the VA's letters of October 9, 1985 and January 27, 1986 requesting payment of the debt.

The sums received on the sale have been disbursed to First Security Savings to cover the balance due under its deed of trust and other costs associated with the sale. Remaining is a surplus balance of $4,442.50, which the trustee has paid in to the clerk of the court. The Farmers Home Administration has made a demand for that surplus; so have the Wishons.

Richard Collins, Joplin, for plaintiff.

Anita Mortimer, Ass't U.S. Atty., Kansas City, for defendants.

## ORDER

ROSS T. ROBERTS, District Judge.

This matter is before the court for a decision on the merits, based upon a stipulated set of facts. For the reasons stated below, judgment will be entered in favor of the Farmers Home Administration.

## I.

### Statement of the Case

At issue is entitlement to surplus funds realized from a trustee's sale of real property. Plaintiff is the substitute trustee on a first deed of trust executed by defendants Clyde and Norma Wishon in favor of First Security Savings Association, securing a note in the amount of $11,200. That deed of trust was filed on October 2, 1975. Farmers Home Administration held a second deed of trust on the same property, filed on May 19, 1981. First Security Savings foreclosed and a trustee's sale was held on November 18, 1983. Notice of the sale was published, as prescribed by law, and provided separately to the Wishons, the Farmers Home Administration, and Sheldon State Bank (holder of a third deed of trust on the property, and the subsequent purchaser at the foreclosure sale).

## II.

### Discussion

If not simply resolved, the issue here is at least simply stated: whether funds remaining after foreclosure and satisfaction of a senior lien are to be returned to the mortgagor, or instead disbursed to junior lienholders who were cut off by the foreclosure.

Ordinarily, "how a trustee who sells property under a deed of trust shall dispose of the proceeds must be ascertained from the directions of the instrument...." *Jones v. Sheppard*, 145 Mo.App. 470, 122 S.W. 764, 767 (1909); and *see also Willis Lucas Lumber Co. v. Neal*, 222 Mo.App. 728, 4 S.W.2d 1098, 1099–1100 (1928). Unfortunately, the first deed of trust here is of no help, since it provides only that "the excess [remaining after costs of sale and satisfaction of the debt secured], if any, [shall be paid] to the person or persons legally entitled thereto." Equally unfortunate, the second deed of trust, which could and should contain protective language anticipating the contingency of a surplus following foreclosure of a prior lien, is not before the court. The case will thus be controlled by whatever the law may provide for in these circumstances.

Plaintiff[1] appears to suggest that the present surplus funds are payable to the mortgagors, based upon two lines of cases: (a) those which hold that a foreclosure sale extinguishes inferior encumbrances, and that "subordinate lienors must intervene at

---

1. Plaintiff, who is no more than a stakeholder, is the only party to have filed suggestions in this matter. Whether the Wishons choose to employ an attorney and to argue their position is, of course, their own business; but I am at a loss to understand why the government has failed to file suggestions. With all respect, it seems to me that if the government thinks so little of its position that it chooses not even to respond, it ought to enter into a consent judgment rather than leave it to the court to do its research.

the time of the foreclosure sale to protect their lien interests," *Brask v. Bank of St. Louis,* 533 S.W.2d 223, 227 (Mo.Ct.App. 1976); and (b), those which hold that

> [w]hether an instrument be an assignment or a mortgage, if a surplus remains in the hands of the trustee, after the purposes of the trust have been discharged, it will go to the grantor, in whose favor a resulting trust for such excess will be implied, although it not be expressed in the conveyance.

*Dalton v. Peters,* 119 F.2d 494, 497 (8th Cir.1941), *quoting Hargadine v. Henderson,* 97 Mo. 375, 11 S.W. 218 (1888); and *see also Northwestern Nat'l. Ins. Co. v. Mildenberger,* 359 S.W.2d 380, 385 (Mo. Ct.App.1962). I do not believe either group of cases controls. As to the first, I note that the foreclosure of a senior lien extinguishes only the junior *lien;* it does not extinguish the underlying indebtedness which that lien secured. As to the second, the rule quoted relates to claims between the mortgagor and mortgagee, not to claims—as here—between the mortgagor and a creditor who was secured under a junior encumbrance. The correct answer, instead, lies in other Missouri cases. As stated in *Jones,* 122 S.W. at 767:

> Junior incumbrances will take precedence over the mortgagor, as regards the right to have their demands paid out of the surplus, because the execution of a junior mortgage amounts to an assignment of the mortgagor's equity of redemption to the junior mortgagee and of the assignor's right in equity to the surplus in case of a sale under the prior incumbrance.

Indeed, thirty years prior to *Jones,* the court declared that "[w]here there are several liens on a tract of land, and it is sold under one of them, the surplus, after paying the lien under which it was sold, belongs in equity to the next subsequent liens in their order of priority." *Strawbridge v. Clark,* 52 Mo. 21 (1873).

I think *Jones* and *Strawbridge* represent the correct rule, and do not find them inconsistent with the other, more modern cases cited above. Between the mortgagor

and the holder of a first deed of trust, any surplus, whether applying law or simple common sense, should go to the mortgagor: the lienholder has been fully compensated, and what is at issue is a debt, not an investment opportunity. But the notion that one should be paid one's due, and no more, in fact bolsters the case for paying off junior lienors before returning a surplus to the mortgagor; i.e., the mortgagor should not realize a gain at the expense of other creditors. Thus, I believe that the Missouri law of more than a century ago is still valid today, and simply serves to reemphasize that Missouri is in the mainstream of jurisdictions which have addressed this issue:

> As a general rule, the lien of a junior encumbrance, cut off by the foreclosure of a mortgage, is transferred in equity to the surplus foreclosure fund, the holder thereof being entitled to satisfaction out of the surplus proceeds of the foreclosure sale according to the authorities on the questions, as against the mortgagor, provided, in the case of a junior mortgage, such mortgage is foreclosed and the amount due thereon is judicially determined.

59 C.J.S. *Mortgages* § 800, at 1529–30 (1949).

Based upon the foregoing, it is accordingly

ORDERED that, within thirty days, the Farmers Home Administration file with the court affidavits documenting the balance due on the indebtedness secured by the second deed of trust; and it is further

ORDERED that, within thirty days, plaintiff file with the court affidavits documenting the costs of this action, such reasonable costs to be paid from surplus funds before disbursement is made to the Farmers Home Administration; and it is further

ORDERED that, after payment of the costs of this action, the remaining balance of surplus funds shall be paid by the Trustee to the Farmers Home Administration, to the extent of the balance remaining due on the indebtedness secured by its deed of trust, and any balance remaining there-

after shall be paid to Clyde M. and Norma M. Wishon.