**Edgar BOEDEKER, Successor Trustee Under the Deed of Trust Executed by Kenneth L. Jordan and Geneva Kaye Jordan, Plaintiffs,**

v.

**Kenneth JORDAN, Geneva Jordan and Small Business Administration, Defendants.**

No. 85–2489C (C).

United States District Court, E.D. Missouri, E.D.

Aug. 11, 1986.

Gary Vincent, Clayton, Mo., for plaintiffs.

Wesley Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for Small Business Admin.

Louis Glaser, Clayton, Mo., for Ken & Geneva Jordan.

MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court upon motions by defendant Small Business Administration (SBA) and defendants Kenneth and Geneva Jordan for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant Small Business Administration's motion will be granted.

The relevant facts are as follows. In August, 1969, Kenneth and Geneva Jordan purchased a residence in St. Louis County, Missouri. The Jordans executed a note for the balance of the purchase price which was secured by a deed of trust on the property. In March, 1982, the Jordans received a $22,500.00 business loan from Citizens Bank of University City (Citizens). The loan was insured by the Small Business Administration and secured by the personal guarantees of the Jordans and by a second deed of trust on the Jordans' property. Because of default in repayment, Citizens assigned the Jordans' note and second deed of trust to the SBA. On September 6, 1984, the Jordans filed for bankruptcy. On May 3, 1985, plaintiff Edgar Boedeker, as successor trustee, sold the Jordans' real estate at foreclosure sale under the first deed of trust for $28,500.00. The note secured by the first deed of trust and the cost of the sale were paid. A surplus amount of $12,574.13 remains and the SBA and the Jordans claim it. On August 28, 1985, the Jordans received a discharge by the bankruptcy court. This interpleader action was brought by plaintiff, successor trustee, and removed to this Court pursuant to 28 U.S.C. § 1444 (1982).

In *Webster v. Wishon,* a case with facts similar to the present case, the District Court held that:

'Junior incumbrances will take precedence over the mortgagor, as regards the right to have their demands paid out of

the surplus' ... '[w]here there are several liens on a tract of land, and it is sold under one of them, the surplus, after paying the lien under which it was sold, belongs in equity to the next subsequent liens in their order of priority.'

*Webster v. Wishon,* et al., 675 F.Supp. 552, 554 (W.D.Mo.1986). Further, the Court ruled that "the notion that one should be paid one's due, and no more, in fact bolsters the case for paying off junior lienors before returning a surplus to the mortgagor; i.e., the mortgagor should not realize a gain at the expense of other creditors." *Id.* Other jurisdictions have also held that any surplus from a foreclosure sale must be paid to junior lienholders before mortgagors. *See Jefferson Federal S & L v. Berks Title,* 472 A.2d 893, 894 (D.C.App.1984); *Cheek v. Savannah Valley Production Credit,* 244 Ga. 768, 262 S.E.2d 90, 92 (1979); *U.S. v. Century Federal Sav., Etc.,* 418 So.2d 1195, 1198 (Fla. App.1982). *See also* 59 C.J.S. § 596b(2) at 1032.

The Jordans claim that they are entitled to the surplus because the bankruptcy discharged their debt to the SBA and because the first deed of trust stated that any surplus should be returned to the debtors. The Jordans' contentions are without merit. First, the SBA is not claiming funds from the Jordans personally, but claim the surplus from the foreclosure sale. Under these facts, the discharge in bankruptcy does not effect the SBA's right to the surplus amount. Second, it makes no sense to allow a contract between the holder of the first deed of trust and the Jordans to cut off SBA's right as a junior lienholder. Regardless of what the first deed of trust states, the Jordans executed a second deed of trust on their property; it would be unfair to allow them to escape their obligation to the SBA as a secured creditor.

For the above reasons, defendant SBA's motion for summary judgment will be granted. The SBA will receive the $12,574.13 surplus from the foreclosure sale.