In re Joe L. REID, and Mary L. Reid, Debtors.

CENTRAL PRODUCTION CREDIT ASSOCIATION OF ST. LOUIS, MISSOURI, Plaintiff,

v.

Joe L. REID, Mary L. Reid and Fredrich J. Cruse, Trustee, Defendants.

Bankruptcy No. 86–00134(N).
Adv. No. 86–0041(N).

United States Bankruptcy Court, E.D. Missouri, N.D.

April 28, 1987.

Joseph D. Welch, Hannibal, Mo., for plaintiff.

Austin Parham, Hannibal, Mo., for debtors.

Fredrich J. Cruse, Hannibal, Mo., Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

This proceeding presents the question of whether after satisfying a foreclosed mortgage the remaining surplus should be paid to the junior lienor or the debtor's trustee in bankruptcy. The Court holds that the junior lienor is entitled to the surplus.

### STATEMENT OF THE CASE

On May 14, 1986, Debtors, husband and wife, filed their voluntary joint Chapter 7 petition and on that date the Court appointed Fredrich J. Cruse ("Cruse") interim trustee. On May 15, 1986, Canton State

Bank ("Canton") filed an Application For Order Directing Trustee To Abandon Property To Creditor And Motion To Modify Automatic Stay To Permit Foreclosure. Canton alleged that it had a first lien on:

"The Northwest Quarter of Section Twenty-nine (29); the East Half of the Northeast Quarter of Section Thirty (30); and fifty (50) acres, more or less, being that part of the North Half of the Northeast Quarter of Section Twenty-nine (29) lying West of the Fabius River, all in Township Sixty (60) Range Six (6) West in Lewis County, Missouri, and containing in the aggregate 290 acres, more or less."

(the "real estate") and requested authority to foreclose its lien. The Deed of Trust granted by Debtors and under which Canton was the beneficiary provided that from the proceeds of any foreclosure sale, the Trustee would pay

"*first*, the cost and expenses of executing this trust, including statutory compensation for said Trustee and reasonable fees for his attorneys; and *second*, to Bank any money advanced by it under the provisions of this instrument, together with all interest thereon, as herein provided; and *third*, to Bank the amount unpaid on said *MASTER PROMISSORY NOTE FOR PRESENT AND FUTURE ADVANCES* and all supplemental notes secured hereby, together with interest accrued thereon; and the remainder, if any, to First Party or his legal representatives; provided, however, that nothing in this instrument shall be so construed as to prevent Bank from taking every legal step and means to enforce payment of said indebtedness."

Since neither the Debtors nor Cruse opposed Canton's motion, on May 16, 1986, the Court authorized Canton to foreclose its lien on Debtor's real estate.

On December 18, 1986, Central Production Credit Association of St. Louis, Missouri ("Central") commenced the instant proceeding against the Debtors and Cruse. Central alleged that it had a good and valid second lien on the real estate, that Canton had foreclosed its first lien and sold the

real estate on June 23, 1986, that after the proceeds of said foreclosure sale had been used to satisfy Canton's lien, there remained a surplus of $28,173.08, that this surplus had been paid to Cruse, and that Central not Cruse was entitled to the entire surplus. Accordingly, Central prayed for judgment against Defendants to turn over the surplus to it, together with interest on the surplus from June 23, 1986, court costs and attorney's fees. On January 7, 1987, Debtors filed their Answer, stating that they had no interest in the surplus. On January 20, 1987, Cruse filed an Answer in which he alleged that the surplus was property of the estate and, therefore, should not be turned over to Central. On February 11, 1987, Central served Requests For Admission on Debtors and Cruse. Neither timely responded and under Bankruptcy Rule 7036, Central's requests were granted by operation of law.

On March 30, 1987, Central filed a Motion For Judgment On The Pleadings and a supporting Memorandum of Law. On April 24, 1987, Cruse filed Trustee's Motion For Judgment On The Pleadings and a supporting Memorandum of Law. In his motion, Cruse conceded Central's allegations of fact, but contended that, as a matter of law, the surplus was property of the estate. Since both motions present matters outside the pleadings, namely, the matters admitted pursuant to Central's Requests For Admission, the Court will treat these motions as ones for summary judgment. *See* Bankruptcy Rule 7012, F.R.Civ.P. 12(c). The Court has jurisdiction to determine them pursuant to 28 U.S.C. §§ 1334, 151, 157(a), 157(b)(2)(A), (K), and (O) and Local Rule 29 of the United States District Court for the Eastern District of Missouri.

## DISCUSSION

The pleadings as superseded by the admissions show that there is no genuine issue regarding the facts as recited in the above Statement Of The Case. Only the legal question of entitlement to the surplus remains to be determined. The Court holds that Central is entitled to that surplus.

■ "A junior mortgagee or encumbrancer generally may be paid out of the surplus remaining after satisfying the foreclosed mortgage, provided he duly asserts his rights." 59 C.J.S. *Mortgages* § 596(b)(2) (1949). *See also*, 18 Mo.Prac. (Hellmuth) § 247, n. 2 (1985) ("excess sales proceeds over the secured obligation, costs and *subordinate secured obligations*, if any, go to the mortgagor.") (Emphasis added). The rule as stated applies even where, as here, the deed of trust provides that the remainder, if any, is to be paid to the grantor. As was stated in *Jones v. Sheppard*, 145 Mo.App. 470, 479, 122 S.W. 764, 767 (1909):

"Junior incumbrancers will take precedence over the mortgagor, as regards the right to have their demands paid out of the surplus, because the execution of a junior mortgage amounts to an assignment of the mortgagor's equity of redemption to the junior mortgagee and of the assignor's right in equity to the surplus in case of a sale under the prior incumbrance."

Cruse, as Debtors' Trustee in bankruptcy, has no greater rights than Debtors would have had under the Deed of Trust had Debtors not filed bankruptcy and the real estate nevertheless been foreclosed. In that event, the surplus would have gone to Central.

Cruse suggests that the estate is entitled to the surplus by reason of the trustee's status as lien creditor under Section 544(a) of the Bankruptcy Code. While Section 544(a) would entitle a bankruptcy estate to such a surplus were the junior lienor to have failed to perfect its lien upon the real estate, where, as here, the junior lienor did duly perfect its lien, Section 544(a) has no application whatsoever.

■ Cruse also notes that a foreclosure sale extinguishes junior liens. While it is true that "a foreclosure sale passes title to the purchaser as of the date of the deed of trust and extinguishes the inferior encumbrances made by the grantor subsequent to that date," *Brask v. Bank of St. Louis*, 533 S.W.2d 223, 227 (Mo.App.1975), that principle simply has no relevance as to how surplus proceeds are to be distributed to creditors after the foreclosure sale. Put

another way, the fact that a purchaser at a foreclosure sale takes the real estate free of junior liens in no way impairs the junior lienor's right to the surplus, if any exists. The Court, therefore, concludes that Cruse has no right to the surplus and must turn it over to Central.

Central has also requested interest from June 23, 1986, the date of the foreclosure sale, as well as attorney's fees. There being no authority to grant either, neither will be awarded. Since Debtors do not control the surplus and have eschewed any interest in it, Central's Complaint will be dismissed as to them.

An Order consistent with this Opinion will be entered this date.

### ORDER

For the reasons set out in the Memorandum Opinion also filed this date, it is

ORDERED that Central Production Credit Association of St. Louis, Missouri's Motion For Judgment On The Pleadings filed March 30, 1987, be construed as a motion for summary judgment, and as so construed, said motion is GRANTED to the extent that Fredrich J. Cruse be and hereby is ordered to turn over to Central Production Credit Association of St. Louis, Missouri the sum of $28,173.08, plus costs; and

IT IS FURTHER ORDERED that Fredrich J. Cruse's Trustee's Motion For Judgment On The Pleadings filed April 24, 1987, be construed as a motion for summary judgment, and as so construed, said motion is in all respects DENIED; and

IT IS FURTHER ORDERED that this proceeding be and hereby is DISMISSED as to Debtors Joe L. Reid and Mary L. Reid.