In re Jerry Lee ROBERTS and Debra K. Roberts, Debtors/Appellants.

Fredrich J. CRUSE, Trustee, Plaintiff,

v.

Jerry Lee ROBERTS and Debra Kaye Roberts, United States Small Business Administration and State Street Bank and Trust Company, Defendants/Appellees.

No. N88–0068C.

United States District Court, E.D. Missouri, N.D.

Sept. 15, 1988.

---

J. Patrick Wheeler, Canton, Mo., for debtors/appellants.

Fredrich J. Cruse, Hannibal, Mo., Trustee.

Austin Parham, Hannibal, Mo., for defendant/appellee State Street Bank & Trust.

Fred Dana, St. Louis, Mo., Asst. U.S. Atty.

Thomas Redington, Hannibal, Mo., for Trustee.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on appeal from an Order of Bankruptcy Judge David P. McDonald awarding judgment to appellee State Street Bank and Trust Company ("State Street") in the amount of $12,-392.15. That amount represents the excess proceeds from a foreclosure sale of certain real estate ("the property") previously owned by debtors-appellants, Jerry Lee and Debra K. Roberts ("debtors"). Jurisdiction over this appeal is by virtue of 28 U.S.C. § 158 (Supp.1986).

The issue presented on appeal is whether the Bankruptcy Court erred in determining that, as between the debtors, the trustee in bankruptcy, and State Street (holder of a second deed of trust on the property), State Street is entitled to the excess proceeds from the foreclosure sale of the property under a first deed of trust.

The Bankruptcy Court's Order is affirmed, as explicated below.

The parties stipulated to the facts upon which this appeal is brought, and upon which the Bankruptcy Court relied in its Order. The joint stipulation of facts, as it appeared in the Bankruptcy Court's Memorandum, is incorporated by reference herein, adopted and realleged. The following is a brief summary of the facts pertinent to the issue on appeal.

On September 8, 1978, debtors executed a deed of trust on the property in favor of Palmyra Savings and Building Association ("Palmyra," not a party to the instant case), to secure a loan to debtors in the amount of $47,000.00. On May 15, 1984, debtors executed a second deed of trust on the property in favor of State Street, to secure a loan to debtors, the original amount of which is unclear from the pleadings. The debtors filed a petition for relief in the Bankruptcy Court under Chapter 7 on January 13, 1986. As of that date, debtors owed State Street $17,560.56.

After commencement of the debtors' bankruptcy case, Palmyra moved for, and was granted, relief from the automatic stay in order to foreclose on the property in accordance with the terms of its deed of trust. The foreclosure sale realized proceeds which exceeded the debtors' obligation to Palmyra by $12,392.15. Palmyra paid the excess proceeds directly to the debtors under the terms of its deed of trust. The Bankruptcy Court issued an injunction ordering the debtors not to spend or otherwise dispose of the excess proceeds. Debtors, however, had already purchased livestock with those funds. The Bankruptcy Trustee thereafter filed the instant turnover action against the debtors seeking recovery of the excess proceeds. Debtors alleged in response that they were entitled to the excess proceeds based upon the language of the first deed of trust. The Bankruptcy Court then joined State Street as a party defendant in the turnover action. State Street thereupon asserted a

claim of entitlement to the excess proceeds based on its security interest in the debtors' property as evidenced by the second deed of trust. The Bankruptcy Court, as noted above, awarded the excess proceeds to State Street. The debtors appeal from that Order.

Debtors allege, in support of their position, that the language of the first deed of trust controls the outcome of this controversy. Secondly, the debtors rely heavily on *Brask v. Bank of St. Louis*, 533 S.W.2d 223, (Mo.App.1975), a declaratory judgment action brought under Missouri's Condominium Property Act. Debtors fail to acknowledge the significance either of State Street's status as a secured creditor, with a priority junior to, but otherwise equivalent to, Palmyra's or of the fact that this issue arises in the context of a bankruptcy proceeding.

In both its language and its effect, the Bankruptcy Code grows out of and harmonizes with the law of secured transactions. Thus, the aim of the Code is not only to afford the debtor a fresh start, but also to protect the interests of the debtor's creditors. In furtherance of this goal, the Code provides relief to the debtor by way of the automatic stay, 11 U.S.C. § 362; the various avoidance provisions, 11 U.S.C. §§ 544, 547, and 548; exemptions, 11 U.S. C. § 522; and, of course, eventual discharge. On the other hand, the creditors' interests are safeguarded by means of relief from the stay, where adequate protection of the creditors' interests is not provided, 11 U.S.C. § 362(d), (e), and (f); and by awarding secured creditors the full value of their interests in property of the estate. 11 U.S.C. § 506(a). Unsecured creditors are protected, but to a lesser extent. *See, e.g.* 11 U.S.C. § 507, prioritizing order of payment among categories of unsecured creditors. Thus, to derogate a secured creditor's status to that of unsecured would contravene the clear goals of the Code. To extinguish the secured creditor's claim entirely would render both the Code and the law of secured transactions nullities.

The controversy presently before the Court resolves into a fairly simple dispute between a secured creditor and the debtor. There is no dispute that State Street has a legitimate lien on the property, as created by the second deed of trust. The foreclosure sale's validity is not disputed. Rather, the debtor alleges that his right to the excess proceeds is superior. Moreover, both parties make elaborate, and, the Court feels, unnecessary, arguments based on statutory and equitable rights of redemption. Although it is true that some recent decisions on point have relied on a theory whereby the mortgagor, in executing a second deed of trust, either impliedly or actually assigns his right to redeem the property to the holder of the second deed of trust. However, this theory unnecessarily complicates the issue. First, the junior lienholder is not truly redeeming the property. It is merely taking a junior share of the proceeds from foreclosure. Secondly, the theory of assignment of rights of redemption simply is not required to resolve the conflict. Both Palmyra and State Street had security interests in the debtors' land. Palmyra foreclosed and received proceeds in excess of the amount due from the debtors. The debtors, however, had already transferred their interest in that excess to State Street. Logic, and the relevant case law, dictate that State Street's right to the excess proceeds supersedes the debtors' right. *See In re Reid*, 73 B.R. 88 (Bkrtcy. E.D.Mo.1987) (holding that as between the junior lienholder and the trustee in bankruptcy, the junior lienholder has superior right to excess proceeds from a foreclosure sale of the debtor's property); and *Boedeker v. Jordan*, 79 B.R. 843 (Bkrtcy.E.D.Mo. 1986) (holding that, as between the junior lienholder and the debtor in bankruptcy, the junior lienholder has superior right to excess proceeds from a foreclosure sale of the debtor's property). The debtor in *Boedeker*, as do debtors herein, relied on the language of the first deed of trust directing that excess proceeds be returned to the mortgagor. The Court held, and this Court agrees, that the language of a first deed of trust cannot control the rights of the holder of a second deed of trust, beyond the

fact that the first obligation is satisfied first. By definition, the first deed of trust was the only deed of trust at the time of its execution.

The debtors rely, further, on *Brask v. Bank of St. Louis*, 533 S.W.2d 223 (Mo. App.1975). That case does, in fact, hold that a foreclosure sale extinguishes junior encumbrances, but this is as between the purchaser at the foreclosure sale and the lienholders. The foreclosure sale cannot extinguish the security agreement between State Street and debtors. State Street is not seeking money directly from debtors, as indeed the bankruptcy prevents it from doing. It is merely seeking to enforce its agreement with the debtors, whereby State Street received an interest in the debtors' property. That interest follows the property until a foreclosure sale occurs. At that time, if proceeds remain above satisfaction of the obligation to the holder of the first deed of trust, State Street has a right to those proceeds. Moreover, the excess proceeds are State Street's only possible means of repayment of its loan. As *Brask* correctly holds, State Street cannot recover by way of a continuing lien on the property. Similarly, State Street will not be able to recover from debtors once they have been granted a discharge in bankruptcy. The debtors should not be allowed to extinguish their debt to State Street and keep the excess proceeds from the foreclosure sale. Under the terms of the second deed of trust, and under the Bankruptcy Code, 11 U.S.C. § 506, State Street, as a secured creditor, is entitled to its full interest in the property, or as much excess proceeds as were realized at the foreclosure sale.

For all of the above reasons, the Bankruptcy Court's Order awarding the excess proceeds to State Street is affirmed.