**Richard J. COLLINS, Plaintiff,**

v.

**UNITED STATES of America, Through FARMERS HOME ADMINISTRATION, Medoc Valley, Inc., and Missouri Farmers Association, Defendants.**

No. 88–5156–CV–SW–8.

United States District Court,
W.D. Missouri,
Southwestern Division.

Jan. 28, 1991.

Richard J. Collins, Joplin, Mo., for plaintiff.

Douglas C. Bunch, U.S. Atty's Office, Springfield, Mo., for USA.

James Kevin Checkett, Carthage, Mo., for Medoc.

Daniel D. Whitworth, Webb City, Mo., for Missouri Farmer's Ass'n.

## ORDER

STEVENS, District Judge.

Before the court is defendants' motion for summary judgment. For the reasons noted below, the court grants defendants' motion.

### I. *Facts*

On October 11, 1988, plaintiff sold the real estate in question in this case (the "property") pursuant to the terms of a deed of trust recorded on April 2, 1968 in Book 1110 at Page 265, in the Office of the Recorder of Deeds for Jasper County at Carthage, Missouri (the "first deed of trust"). *See* Defendants' Petition for Removal, Exhibit B. This first deed of trust was executed by Royal Thomas and Ilene M. Elliott, husband and wife. Following the sale and payment of expenses of the debt secured by the first deed of trust, $55,054.22 remained. The first deed of trust provides that sale proceeds remaining after payment of any debt secured by the deed are to be paid to Royal Thomas and Ilene M. Elliott. Plaintiff received demands for all or part of these remaining sale proceeds from defendant Farmers Home Administration ("FmHA") and from Missouri Farmers Association, Inc. ("MFA"). Plaintiff also became aware of a judgment against Royal Thomas Elliott in favor of Medoc Valley, Inc., ("Medoc") dated September 8, 1987. *See* Defendants' Petition for Removal, Exhibit B. Plaintiff then filed the petition for interpleader in the Jasper County Circuit Court, request-

ing that the court determine the persons entitled to the remaining sale proceeds. Subsequently, defendants timely removed the case to this court.

Royal Thomas and Ilene M. Elliott granted FmHA a deed of trust on the property in order to secure loans from FmHA in the original principal amount of $123,360.00. This deed of trust ("second deed of trust") is dated April 10, 1985 and was recorded on April 10, 1985, in the Office of the Recorder of Deeds for Jasper County, Carthage, Missouri, in Book 1291 at pages 1552–55. *See* Defendants' Suggestions in Support of Motion for Summary Judgment, Exhibit A. The second deed of trust provides that Royal Thomas and Ilene M. Elliott "grant, bargain, sell, transfer, convey, and assign unto the trustee with general warranty" the property "together with all rights, ..., and all payments at any time owing to Borrower [R. Thomas and Ilene M. Elliott, among others] by virtue of any sale, lease, transfer, conveyance or condemnation of any part" of the property. Defendant FmHA states that as of March 2, 1990, the balance due it on the loans secured by the second deed of trust was $90,738.99 principal, and $13,933.96 interest. Additionally, FmHA states that interest accrues after March 2, 1990 at the rate of $12.9258 per day. *See* Defendants' Suggestions in Support of Motion for Summary Judgment, Exhibit B, Affidavit of Dennis L. Poulette.

MFA's demand is based upon a judgment in the amount of $12,672.79 against Royal Thomas and Ilene M. Elliott in favor of MFA, and a garnishment at or about the time of the sale of the property pursuant to the first deed of trust. Medoc's interest in the sale proceeds is a judgment against Royal Thomas Elliott in the amount of $41,953.31 in favor of Medoc, dated September 8, 1987.

## II. *Legal Analysis*

FmHA argues that it is entitled to the entire fund because the second deed of trust was executed and recorded more than two years before the judgments of Medoc and MFA were entered. Additionally, FmHA contends that the terms of the second deed of trust specifically assign to FmHA payments owing to Royal Thomas and Ilene M. Elliott by virtue of the sale of the property. The court agrees.

It is clear from the facts of this case that FmHA's second deed of trust is senior to the judgment of Medoc and the judgment and garnishment of MFA since the second deed of trust was executed and recorded more than two years before the judgments of Medoc and MFA. *See Webster v. Wishon*, 675 F.Supp. 552, 553 (W.D.Mo.1986); *In re Roberts*, 91 B.R. 57 (E.D.Mo.1988). Indeed, FmHA's second of trust would be senior to Medoc's and MFA's encumbrances, even in the absence of language assigning payments owing to Royal Thomas and Ilene M. Elliott from the sale of the property to FmHA. Thus, in view of the fact that the balance of FmHA's debt is secured by the second deed of trust and that debt is in excess of the funds at issue in this case, the court finds that FmHA is entitled to the entire fund at issue. Accordingly, it is

ORDERED that defendants' motion for summary judgment is granted.