In re Kevin Wayne **FAUGHN and Dena Lou Faughn, His Wife, Debtors.**

**Bankruptcy No. 86–10163–DPM. Motion 01.**

United States Bankruptcy Court, E.D. Missouri, Southeastern Division.

Sept. 5, 1986.

■

---

Douglas R. Kennedy, Poplar Bluff, Mo., for debtors.

Jeffrey S. Gavin, Poplar Bluff, Mo., for movant.

Tom K. O'Loughlin, II, Cape Girardeau, Mo., trustee.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On April 8, 1986, Debtors filed their voluntary Chapter 7 petition. On June 18, 1986, Anderson's Home Furnishings ("Anderson's") filed its Motion To Modify Stay wherein it requested the Court to modify the stay by permitting it to foreclose its security interest on certain of Kevin Faughn's personal property. On July 9, 1986, Debtors conceded the validity of Anderson's motion as to some of the personalty, but alleged that the remainder of it was subject to lien avoidance under the Bankruptcy Code. At the pretrial conference on July 14, 1986, the parties agreed to submit the matter upon a stipulation and briefs. Based upon that record, the Court will this date enter an order modifying the stay in accordance with Debtors' concession and avoiding Anderson's security interest as to the remaining personalty.

### FACTS

On July 18, 1985, Debtor purchased a Magnavox radio cassette recorder from Anderson's. Anderson's financed the purchase and Debtor granted Anderson's a security interest in the merchandise to secure his debt. Anderson's perfected its security interest by filing a Financing Statement with the Butler County, Missouri Recorder of Deeds.

The total amount financed at the initial purchase was as follows:

| | |
|---|---|
| Retail cost | $149.95 |
| Sales Tax | 8.58 |
| Prepaid Insurance Premiums: | |
| Credit Life | 1.10 |
| Physical Damage | 5.53 |
| Recording Cost | 4.00 |
| TOTAL AMOUNT FINANCED | $169.16 |

In August, 1985, Debtor made a $15.00 payment which Anderson's credited to his account. Then in September, 1985, Debtor purchased additional merchandise from Anderson's, namely, a Berkline wallaway and a Cooke sleeper and recliner. Anderson's also financed this purchase together with the remaining balance due on the initial contract. To secure this debt, Debtor granted Anderson's a security interest in the additional merchandise which Anderson's also perfected by filing a Financing Statement with the Butler County, Missouri Recorder of Deeds.

The total amount financed at the second purchase was as follows:

| | |
|---|---|
| Retail cost | $350.00 |
| Sales Tax | 20.04 |
| Prepaid Insurance Premiums: | |
| Credit Life | 8.64 |
| Physical Damage | 43.20 |
| Recording Cost | 4.00 |
| Net Balance of Initial Contract | $159.53 |
| TOTAL AMOUNT FINANCED | $585.41 |

In both October and November, 1985, Debtor made $30.00 payments which Anderson's credited to his account. Then, in November, 1985, Debtor again purchased additional merchandise from Anderson's, namely, an Ashley wood heater, two 6" elbows, two 6" flue steps, a stove board, and three 6" stove pipes. Anderson's also financed this purchase together with the remaining balance of the second contract. To secure the debt, Debtor granted Anderson's a security interest in the merchandise acquired in this third purchase which Anderson's also perfected by filing a Financing Statement with the Butler County, Missouri Recorder of Deeds.

The total amount financed at the third purchase was as follows:

| | |
|---|---|
| Retail cost | $ 626.77 |
| Sales Tax | 33.94 |
| Prepaid Insurance Premiums: | |
| Credit Life | 18.45 |
| Physical Damage | 92.29 |
| Recording Cost | 4.00 |
| Net Balance of Second Contract | $ 510.30 |
| TOTAL AMOUNT FINANCED | $1251.81 |

Debtor has made no payments to Anderson's on the third contract.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), (G), and (K), which the Court may hear and determine.

## DISCUSSION

Section 522(f)(2)(A) of the Bankruptcy Code permits a debtor to avoid a nonpossessory, nonpurchase-money security interest in household furnishings, household goods, or appliances which are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor to the extent that the lien impairs an exemption to which the debtor otherwise would be entitled. In the case at bar, the only issue is whether Anderson's liens are non-purchase money liens. Debtor contends that Anderson's liens are nonpurchase money and avoidable as to all merchandise except the Ashley wood heater and its accessories. Anderson's, on the other hand, contends that all merchandise purchased by Debtor is covered by purchase money liens which are not avoidable under section 522(f)(2)(A).

The Debtor argues that the purchase money character of Anderson's lien on the Magnavox radio cassette recorder did not survive the formation of Debtor and Anderson's second contract which provided for payoff of Debtor's obligation on the initial contract. According to Debtor, once his obligation on the initial contract had been extinguished by the payoff recited in the second contract, Anderson's lien on his Magnavox radio cassette recorder no longer could be considered purchase money in character because Anderson's second loan was not used by Debtor to acquire rights in the Magnavox radio cassette recorder. For analogous reasons Debtor argues that the purchase money character of Anderson's lien on the Berkline wallaway and Cooke sleeper and recliner did not survive the formation of Debtor and Anderson's third contract which provided for payoff of Debtor's obligation on the second contract.

"The vast majority of courts that have considered the issue we face here have held that refinancing or consolidating loans by paying off the old loan and extending a new one extinguishes the purchase money character of the original loan because the proceeds of the new loan are not used to acquire rights in the collateral....

The Official Commentary to the U.C.C. supports our result:

When a purchase money interest is claimed by a secured party who is not a seller, he must of course have given present consideration. This Section therefore provides that the purchase money party must be one who gives value 'by making advances or incurring an obligation:' the quoted language excludes from the purchase

money category any security interest taken as security for or in satisfaction of a pre-existing claim or antecedent debt.

Cal.Comm.Code § 9107, Uniform Commercial Code Comment 2 (West 1964) (emphasis added)." *In re Matthews,* 724 F.2d 798, 800–01 (9th Cir.1984) (citations omitted) (Commentary to California U.C.C. identical to Missouri U.C.C., § 400.9–107, R.S., Mo.)

While there is some authority supporting Anderson's, *e.g., Pristas v. Landaus Of Plymouth, Inc.,* 742 F.2d 797 (3d Cir.1984), the Court agrees with the reasoning of *Matthews,* and, therefore, the conclusions of Debtor's argument.

An Order consistent with this Opinion will be entered this date.

### ORDER

On April 8, 1986, Debtors filed their voluntary Chapter 7 petition. On June 18, 1986, Anderson's Home Furnishings ("Anderson's") filed its Motion To Modify Stay wherein it requested the Court to modify the stay by permitting it to foreclose its security interest on certain of Kevin Faughn's personal property. On July 9, 1986, Debtors conceded the validity of Anderson's motion as to some of the personalty, but alleged that the remainder of it was subject to lien avoidance under the Bankruptcy Code. At the pretrial conference on July 14, 1986, the parties agreed to submit the matter upon a stipulation and briefs. Based upon that record, and for the reasons set forth in the Memorandum Opinion also filed this date, it is

ORDERED that

(1) The stay of lien enforcement provided by 11 U.S.C. § 362(a) is modified to permit Anderson's to enforce its security interest in Debtor's

One Ashley wood heater,
Two 6" elbows,
Two 6" flue steps,
Stove board, and
Three 6" stove pipes

in accordance with its security agreement with Debtor and the laws of the State of Missouri.

(2) The liens of Anderson's on Debtor's Magnavox radio cassette recorder, Berkline wallaway, and Cooke sleeper and recliner be and hereby are avoided and held for naught pursuant to 11 U.S.C. § 522(f)(2)(A).