Kenneth Lee FRAGO and Shirley Ann Frago, his wife, Plaintiffs-Appellants,

v.

Joseph H. SAGE and Iris R. Sage, his wife, Defendants-Respondents.

No. 52324.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 15, 1987.

Colson, Wagner & Ray, Farmington, for plaintiffs-appellants.

Robert Blackwell, St. Louis, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

Kenneth Lee Frago and his wife Shirley Ann Frago appeal a judgment for respondents, the defendants below, Joseph H. Sage and his wife, Iris R. Sage, in a subrogation action. We affirm.

Appellants owned and operated a liquor store known as Krazy Kenny's Package Store (Kenny's) in St. Francois County, Missouri. In August of 1980, appellants listed the property for sale with F.I.C. Realty World for $185,000. Shortly thereafter, appellants received an offer for the purchase of the store from respondents' daughter and son-in-law, Becky and Bill Moyers. The Moyers, however, were unable to obtain financing for the purchase of the store and the deal was cancelled. In May of 1981, the Moyers discussed, with respondents, the possibility of the respondents purchasing the store. The Moyers proposed that respondents purchase the store and that they would lease it from them and operate it on their own.

On June 18, 1981, respondents agreed to purchase Kenny's for $160,000. On July 10, 1981, appellants executed a general

warranty deed to respondents and respondents signed a promissory note in the amount of $57,000 payable to First State Bank of Farmington, Missouri. Respondents also executed a promissory note to appellants in the amount of $100,000. Both notes were secured by deeds of trust with First State Bank of Farmington holding the first deed of trust and appellants holding the second deed of trust. The proceeds of the First State Bank Note were applied to the purchase price of the property and respondents paid $3,000 of their own money.

Respondents only made three payments to appellants on the $100,000 note. On March 2, 1982, appellants foreclosed on their second deed of trust and bought the property at the trustee's sale for $240.80. At the time of foreclosure, respondents had also stopped paying on their note to First State Bank. After purchasing the property, appellants contacted First State Bank concerning respondents' promissory note. The bank indicated that the note was in arrears and that the Bank would foreclose unless the payments were brought current. Appellants asked if they could take over respondents' payments so as to protect their property interest. The bank indicated it would not foreclose if appellants made the payments current and signed and assumed the respondents' original note. On March 16, appellants brought the payments current and both appellants signed the original of the first note to First State Bank and the original First Deed of Trust.

Thereafter, First State Bank changed its records to indicate that appellants were the parties upon the note. The liability ledger for the note was changed by placing the names of appellants over that of respondents and an entry was made indicating appellants took over the note with the original terms to remain the same. The payment record was also changed to indicate that appellants took over the note on March 16, 1982.

Appellants continued to make payments to First State Bank until March 28, 1983, when they paid in full the balance due upon the note. Appellants have paid a total of $56,795.14 upon principal, and $10,784.01

upon interest, for total payments on the note of $67,579.15. Upon final payment, the promissory note was marked "paid" by First State Bank of Farmington, Missouri, and the note was marked "cancelled" on March 29, 1983, in the Recorder of Deeds Office, St. Francois County, Missouri. A "Full Deed of Release" was executed on or about March 29, 1983, by First State Bank. The note and Deed of Trust were mailed by the bank to appellants, who recorded the note and Deed of Trust in the Recorder of Deeds Office, St. Francois County, Missouri.

Appellants contend that they are entitled to be subrogated to the rights of First State Bank of Farmington and that they are entitled to reimbursement from the respondents for all sums which they paid to First State Bank of Farmington in order to protect their property interest in Kenny's.

 Subrogation originated as a common law doctrine. *Kroeker v. State Farm Mutual Automobile Insurance Co.*, 466 S.W.2d 105, 110 (Mo.App.1971). Its aim is to advance justice and to prevent injustice. *Street v. Lincoln National Life Insurance Company*, 347 S.W.2d 455 (Mo.App.1961). Subrogation compels the ultimate payment of a debt by one who, in justice, equity and good conscience, should pay it. *Id.* It also extends to persons who pay a debt in self-protection upon the premise they may suffer loss if the obligation is not satisfied or discharged. *Quality Wood Chips, Inc. v. Adolphsen*, 636 S.W.2d 94, 97 (Mo.App. 1982). However, it does not extend to one who voluntarily discharges the debt. *Loman v. Harrelson*, 437 S.W.2d 123 (Mo. App.1968). The doctrine only exists against a party who is primarily liable and not one secondarily liable. *Quality Wood Chips* at 97. The burden is placed upon the party seeking subrogation to substantiate by clear and convincing evidence that as between himself and another party, the other party, in equity, should endure the loss. *Street* at 459.

 Appellants are not entitled to subrogation. When appellants purchased the property at the foreclosure sale they did so subject to the first deed of trust held by

First State Bank of Farmington. It is a well settled point in Missouri law, that the purchaser of property at a foreclosure sale purchases the property subject to all prior incumbrances. *Jones v. Shepard,* 122 S.W. 764, 767 (Mo.App.1909); *See also Hellweg v. Heitcamp,* 20 Mo. 569 (1855); *Schmidt v. Smith,* 57 Mo. 135 (1874). After reacquiring the property subject to the first deed of trust at the foreclosure sale, appellants voluntarily undertook the payment of respondents' obligation to the bank. A person volunteers when they pay the debt of another for which they are not obligated, and which they have not been requested to pay by one who is obligated to pay. *Neer v. Neer,* 80 S.W.2d 240 (Mo.App.1935). Prior to the purchase, appellants were not liable on the note secured by the first deed of trust. Moreover, respondents were never contacted by appellants or informed that appellants had assumed or were paying off the note. The first notice they received that appellants had paid the note was when this suit was filed. Appellants further demonstrated their voluntary assumption of the debt when they signed the note and first deed of trust without reservation and subsequently paid the loan. Payment by one who has assumed the payment of a mortgage debt extinguishes the debt, and does not permit the purchaser to be subrogated to the rights of the mortgagee. *State ex rel. State Highway Commission v. Houchens et al.,* 235 S.W.2d 97, 102 (Mo.App.1950).

Equity, justice and good conscience do not require that appellants be subrogated. Appellants were voluntarily acting in their own best interest by making payments to the bank upon respondents' note rather than allowing the bank to foreclose. Appellants concede that they "could not have been expected to ignore the senior lien and the status of the payments to the senior lienor. To have done so would have been folly ... and would have resulted in their total loss of the property." To allow subrogation[1] in this case would unjustly enrich appellants. Appellants would not only

have clear title to the property but they would also receive a $60,000 windfall. Such a windfall would defeat the very purpose of the doctrine of subrogation.

Judgment of the trial court is affirmed.

CRANDALL and KAROHL, JJ., concur.

---

1. We are aware but do not address or suggest other methods which appellants may or could