**In re Mark Anthony BOWEN and Janet Lynn Bowen, Debtors.**

**Bankruptcy No. 88–20064–DPM. Motion No. L01.**

United States Bankruptcy Court, E.D. Missouri, N.D.

July 7, 1988.

Fredrich J. Cruse, Hannibal, Mo., for debtors.

Mary L. Rhodes, Hannibal, Mo., for creditor.

Sarah M. Lumpp, Hannibal, Mo., Trustee.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

INTRODUCTION

On March 21, 1988, the Debtors filed their voluntary Chapter 7 petition. On April 21, 1988, Debtors filed a motion to avoid a lien by the ITT/Thorp Corporation who claimed a security interest in certain items of personal property. The Debtors alleged that such lien impaired their exemptions under 11 U.S.C. § 522(f)(2)(A) alleging that such a lien was a non-possessory, non-purchase money security interest in household goods of the Debtors. On May 6, 1988, this Court entered an Order finding the creditor in default and that the creditor's lien was based upon a non-possessory, non-purchase money security interest in Debtors' household and personal goods and was impairing Debtors' exemption claim and thus granted Debtors' motion to avoid the fixing of the lien to the limited extent that such lien impaired an exemption to which the Debtors would have been entitled under 11 U.S.C. § 522(b) and held that that lien was avoided and unenforceable under and by the virtue of the provisions of 11 U.S.C. § 522(f)(2)(A). On May 11, 1988, this Court entered a further Order based upon an oral motion of the ITT/Thorpe creditors setting aside its previous order avoiding the creditor's lien and giving the parties leave to file briefs in support of their positions.

FACTS

Debtors entered into a 90–day contract with the creditors on April 13, 1987 for the purchase of 1 Kemp Loft Bed, 2 Simmons Mattresses, 2 Bunk Beds, 1 Simmons Sleeper, 1 Lane Recliner, and 1 Kemp Chest

from Griswold's Furniture. The contract stated that Griswold's Furniture intended to assign this contract to ITT Financial Services or one of its affiliates. Griswold's Furniture perfected its security interest by filing its UCC statement on April 8, 1987. Griswold's Furniture then sold the contract to ITT Financial Services on April 14, 1987. ITT Financial Services filed a new financing statement on May 11, 1987 perfecting its security interest. The unpaid balance on the contract was due on or before July 13, 1987, however, the Debtors, on May 4, 1987, converted the contract into a monthly installment and security agreement for a term of three years with payments of $86.00 per month. The payoff balance was unchanged from $1,722.86 although there were other charges incurred due to the refinancing of the note. Debtors made four payments on the May 4, 1987 note and then fell behind in their payments. The note was rewritten once again for a balance of $2,100.69. This new note included the past interest and other past due payments. No new money was advanced to the Debtors during the financing and the refinanced debt included both the balance due on the earlier obligation plus various refinancing fees.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), (G), and (K), which the Court may hear and determine.

## DISCUSSION

Section 522(f)(2)(A) of the Bankruptcy Code permits a debtor to avoid a non-possessory, non-purchase money security interest in household furnishings, household goods, or appliances which are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor to the extent that a lien impairs an exemptions to which the debtor otherwise would be entitled. In the case at bar, the only issue is whether the creditors' liens are non-purchase money liens. The Debtors contend that the ITT financing liens are non-purchase money and avoidable as to all the merchandise. ITT Financial, on the other hand, contends that all the merchandise purchased by the Debtors is covered by purchase money liens which are not avoidable under Section 522(f)(2)(A). This Court has previously held in *In re Faughn*, 69 B.R. 18 (Bankr.E.D.Mo.1986) that refinancing or consolidating loans by paying off the old loan and extending a new one extinguishes the purchase money character of the original loan because the proceeds of the new loan are not used to acquire rights in the collateral. The official commentary to the UCC supports this result:

"When a purchase money interest is claimed by a secured party who is not a seller, he must, of course, have given present consideration. This section therefore provides that the purchase money party must be one who gives value by making advances or incurring an obligation; the quoted language excludes from the purchase money category any security interest taken as security for or in satisfaction of a pre-existing claim or an antecedent debt."

Although in the case at hand no new money was advanced to the Debtors and the old loan was simply refinanced without any additional purchases on the Debtors' part, the reasoning remains the same. The creditor urges this Court once again to consider the case of *Pristas v. Landaus of Plymouth, Inc.*, 742 F.2d 797 (3rd Cir. 1984). This Court declined to follow *Pristas* earlier and will continue to follow its earlier decision, *In re Faughn*.

An Order consistent with this Opinion will be entered this date.