**In re PRIME, INC., Debtor.**

**Bankruptcy No. 81–03200–S–2–11.**

United States Bankruptcy Court, W.D. Missouri, S.D.

March 7, 1989.

See also, Bkrtcy., 44 B.R. 924.

Thomas J. O'Neal, Springfield, Mo., trustee.

Dennis R. Dow, Shoo, Hardy & Bacon, Kansas City, Mo., for Safeco.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

### FACTS

In this Chapter 11 case, Safeco Insurance Company, ("Safeco") makes a claim against the estate of debtor, Prime, Inc. ("Prime") for amounts Safeco paid to its insureds, Steve and Sharon McCray ("McCrays") under their policy, including the uninsured motorist policy provision. On March 1, 1980, the McCrays were involved in an accident with an employee of Prime. Prime's insurer, Excalibur Insurance Company ("Excalibur"), provided coverage to Prime at that time. Subsequently, on September 4, 1984, Excalibur went into liquidation proceedings in the State of Minnesota. As a result, Excalibur could not pay the McCrays' claim under Prime's policy. Therefore, the McCrays sought payment pursuant to Safeco's policy coverage including uninsured motorist coverage. Safeco paid the McCrays $3,999.50 personal injury protection and under its uninsured motorist coverage it paid $9,462.87 for property damage to their automobile, and $52,500.00 for bodily injury. Safeco now seeks reimbursement from the estate of Prime by way of subrogation.

### QUESTIONS PRESENTED

Whether Safeco is subrogated against the estate of Prime and, if so, to what extent can Safeco be reimbursed for the amounts it paid to its insureds?

### DISCUSSION

Safeco's claim against the estate of Prime is a subrogation claim, but according to Missouri law, Safeco's recovery is limited to the amount it can recover against the assets of Prime's insolvent insurer, Excalibur.

As an established principle of law, one who has paid for an injury of another may be subrogated to the rights of the injured person against the tortfeasor. See Cole v. Morris, 409 S.W.2d 668, 670 (Mo. Banc 1966); see also Kroeker v. State Farm Mutual Automobile Insurance Co., 466 S.W.2d 105, 110 (Mo.App.1971) (subrogation can arise by act of the parties); see also Frago v. Sage, 737 S.W.2d 482, 483 (Mo.App.1987) (subrogation extends to persons who pay a debt in self-protection). This right of subrogation may be extended upon an obligation by the insurer to pay the insured. See, Cole v. Morris, at 670, 671. Therefore, when an insurer pays the insured for injuries caused by a third party, the insurer becomes subrogated to the rights of the insured. Applying this rule to the facts, Safeco, under its policy to the McCrays paid for the injuries suffered by Prime's employee. After Safeco's payment to the McCrays, it became subrogated to the rights of the McCrays against Prime. Although Safeco may be subrogated against Prime for its employee's negligence, Missouri law limits uninsured motorist recovery to the assets recoverable, if any, from the tortfeasor's insolvent insurer. See R.S.Mo. 379.203.4 (1986). In order to trigger this limitation, certain conditions

must be pre-existing. First the coverage referred to in subsection 4 of R.S. 379.203, relates back to subsection 2 or 3 of this section. Subsection 3 is not relevant to the case at bar and will not be covered here, but subsection 2 is relevant. It states:

"For the purpose of this coverage, the term **'uninsured motor vehicle'** shall, ... be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified herein because of insolvency".

In short, Prime's liability insurer, Excalibur was solvent at the time of the accident in March 1980. Subsequently, on September 4, 1984, Excalibur went into liquidation. As a result, Prime's liability insurer was unable to make payments to the injured party, thus meeting the requirement within subsection 2 of R.S.Mo. 379.203.

The second critical condition now is triggered. This condition is found in the second half of subsection 4 of R.S.Mo. 379.203. This section is the limitation provision. It states, in part:

"... [p]rovided, however, with respect to payments made by reason of the coverage described in subsections 2 and 3 above, the insurer making such payment shall not be entitled to any right of recovery against such tortfeasor in excess of the proceeds recovered from the assets of the insolvent insurer of such tortfeasor".

Therefore, Safeco's payment of the McCrays' claim under its uninsured motorist coverage limits its recovery against the tortfeasor, to what they could recover from the assets of the insolvent insurer, Excalibur.

Presently, there are no cases which have construed R.S.Mo. 379.203(2) and (4). However, R.S.Mo. 375.785.17 (1986) supports the above principle with similar language. This chapter covers payments in subrogation in relation to the Missouri Insurance Guaranty Association. It states, in part:

... [t]he insurer making such payment shall not be entitled to any right of recovery against such tortfeasor in excess of the proceeds recovered from the assets of the insolvent insurer of such tortfeasor";

## CONCLUSION

The principle question of subrogation is answered by the fact that Safeco paid the McCrays' claim, thus allowing them to stand in the shoes of the injured party against the tortfeasor. Coupled with this resolve, is a limiting provision for recovery under Missouri law. In short, this provision limits an insurer's ability to recover against the tortfeasor, to what the insurer would otherwise have received from the assets of the insolvent insurer. The issue thus arises, as to what could Safeco recover from Prime? If, on the one hand, the liquidator of Excalibur states that it has no assets left for payment of Safeco's claim, then Safeco should not be allowed to recover any monies from Prime. If, on the other hand, the liquidator of Excalibur has assets left for payment of Safeco's claim, then Safeco should be able to recover from Prime, the proportionate amount it would have received from the insolvent insurer. Albeit the claim of Safeco is and shall be so limited.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.

SO ORDERED.