**In re Raymond Edward PARISH and Shelby Jean Parish, Debtors.**

**Raymond Edward PARISH and Shelby Jean Parish, Movants,**

v.

**LINCOLN FINANCE COMPANY, Respondent.**

**Bankruptcy No. 90–44879–172.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Nov. 9, 1992.

Robert J. Blackwell, St. Louis, Mo., trustee.

Jamis Kresyman, UAW Legal Services Plan, St. Louis, Mo., for debtors.

Edward A. Sher, St. Louis, Mo., for Lincoln Finance Co.

MEMORANDUM AND ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matter before the Court is the Debtors' Motion for Lien Avoidance. The parties submitted the issues to the Court upon an agreed stipulation of facts and their respective memoranda of law. This Memorandum And Order is based upon a consideration of the record as a whole.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O). The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The facts are summarized as follows. On January 4, 1988, the Debtors, Raymond and Shelby Parish, applied to Schweig–Engel Company, Inc. to finance the purchase of certain personal property. The Debtors then purchased a sofa sleeper, a reclining chair, a table group and a dinette set though a retail installment contract. The seller retained a purchase money security interest (PMSI) in the collateral. No payments were made on this loan.

On January 19, 1988, the Debtors purchased an additional item, a clothes washer, also on credit. The seller prepared a second retail installment contract which rebated all finance and credit insurance premium charges and carried over the previous balance to the new contract. The Debtors executed all pertinent documents in relation to this financing. In the second contract the seller identified all items which it claimed were subject to a PMSI, including

the items from the first purchase. The Debtors made several payments on this loan.

On June 18, 1988, the Debtors purchased a refrigerator from Schweig–Engel, again financing the purchase price minus a down payment. The seller prepared a third retail installment contract which again refunded unearned finance and credit insurance premiums and added the previous balance to the new purchase amount. The documents again listed all items which the seller claimed were subject to a PMSI. Three payments were made on the June 18, 1988 contract.

The seller and the Debtors repeated this procedure a fourth time on September 24, 1988, when the Debtors purchased a clothes dryer. Numerous payments were made on this contract. Finally, on September 21, 1989, the Debtors purchased a VCR, two valet chests and a microwave from Schweig–Engel. In drawing up a new retail installment sales contract, the seller used the same procedure as had been used in the previous sales. Lincoln Finance Company, the Respondent here, is the Assignee of the interests of Schweig–Engel.

The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on October 5, 1990. On December 4, 1990, the Debtors filed a Motion for Lien Avoidance asserting that not all the items listed on the fifth and last security agreement and related documents are subject to a purchase money security interest. They alleged that any valid lien interest was impairing their claim for an exemption on household goods. The Creditor responded by arguing that it held a valid lien on all items of personal property listed on the documents related to the last installment purchase.

Section 522(f)(2)(A) of Title 11 of the United States Code allows a debtor to avoid nonpossessory, nonpurchase-money security interests in household furnishings, household goods, or appliances which are held primarily for the personal, family, or household use of the debtor to the extent that the lien impairs an exemption to which the debtor otherwise would be entitled.

The Debtors here argue that any interest that the Creditor might have would be a nonpossessory, nonpurchase-money security interest because the Creditor lost its purchase-money security interest in all items previously purchased when it combined the balance from the previous retail installment sales contract with the most recent retail installment sales contract.

Both parties in this matter have referred to the decision in *In re Faughn*, 69 B.R. 18 (Bankr.E.D.Mo.1986). In *Faughn*, the creditor was seeking relief from the automatic stay in order to foreclose its security interest in certain personal property. The debtor and creditor had been parties to two purchase agreements which were consolidated into a third and final agreement.

In denying the motion in part the *Faughn* Court held that each subsequent refinancing extinguished the purchase money character of the preceding loan because the proceeds of the new loan were not used to obtain rights in the previously acquired collateral. Thus, the Court avoided the creditor's liens on the property acquired under the first two contracts, and denied relief from the stay as to that property. However, the Court granted relief from the stay to allow enforcement of the creditor's purchase-money security interest in the property that was acquired in the last purchase. *Id.* at 20.

A review of the decisional law supports the conclusion that Missouri has adopted the "transformation" rule with respect to consolidated or refinanced loans involving purchase-money security interests.

> The general rule arising out of the transformation cases is that the consolidation of several existing obligations secured by pmsi's into a single obligation secured by all of the collateral transforms the pmsi's into nonpurchase money security interests. *In re Snipes*, 86 B.R. 1006, 1009 (Bankr.W.D.Mo.1988)

It follows then that application of the transformation rule to the circumstances presented in this case compels the conclusion that the consolidated agreement transformed even the claim of a purchase-money

security interest in the most recent property into a nonpurchase-money security interest that was subject to avoidance pursuant to § 522(f). The Court adopts the determinations set out in the ANALYSIS section in *Snipes* at 1009.

In the circumstances presented here, the Court finds and concludes that the effect of the repetitive consolidation and refinancing of the loans up to and including the September 21, 1989 contact was to extinguish the purchase-money security interests in *all* items including the items purchased on September 21, 1989. Therefore, the Creditor's lien is based upon a nonpossessory, nonpurchase-money security interest, and

IT IS ORDERED that this matter is concluded; and that the Debtors' Motion is GRANTED in that the lien of Lincoln Finance Company is set aside pursuant to § 522(f)(2)(A) in all items purchased from Schweig–Engel to the extent that the lien impairs the Debtors' ability to claim their exemptions; and that the other requests for relief in this matter are denied.